

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | **Case No. CV 13-8912 DSF (FFMx)** |
| Plaintiff, | ***EX PARTE* TEMPORARY RESTRAINING ORDER WITH AN ASSET FREEZE AND OTHER EQUITABLE RELIEF, AND ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE** |
| v. | |
| TATTO, INC., *et al.*, | |
| Defendants. | |

Plaintiff Federal Trade Commission ("FTC" or "Commission") has filed a Complaint for Injunctive and other Equitable Relief pursuant to Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b), and has moved for the issuance of a Temporary Restraining Order ("TRO") pursuant to Rule 65(b) of the Federal Rules of Civil Procedure. This Court having considered the Complaint, the TRO Motion, and the memorandum, declarations and exhibits filed in support thereof, finds that:

1.      The Court has jurisdiction over the subject matter of the case, and

1

there is good cause to believe it will have jurisdiction over all parties hereto;

2.     There is good cause to believe that venue lies properly with this Court;

3.     There is good cause to believe that Defendants Tatto, Inc., Bullroarer, Inc., Shaboom Media, LLC, Bune, LLC, Mobile Media Products, LLC, Chairman Ventures, LLC, Galactic Media, LLC, Virtus Media, LLC, Lin Miao, and Andrew Bachman (collectively "Defendants") have engaged in and are likely to engage in acts or practices that violate Section 5(a) of the FTC Act, 15 U.S.C. § 45(a) and that Plaintiff therefore is likely to prevail on the merits of this action;

4.     There is good cause to believe that consumers will suffer immediate and continuing harm unless Defendants are restrained and enjoined by Order of this Court;

5.     Good cause exists for appointing a temporary receiver over the Corporate Defendants, ordering evidence preservation, freezing Defendants' assets, and permitting the FTC to take limited expedited discovery to identify any additional assets;

6.     Weighing the equities and considering the FTC's likelihood of ultimate success, a temporary restraining order with an asset freeze, limited expedited discovery as to the existence and location of assets, and other equitable relief is in the public interest; and

7.     No security is required of any agency of the United States for issuance of a restraining order. Fed. R. Civ. P. 65(c).

## DEFINITIONS

For the purposes of this Order, the following definitions shall apply:

1.    **"Assets"** means any legal or equitable interest in, right to, or claim to, any and all real and personal property of Defendants, or held for the benefit of Defendants, wherever located, whether in the United States or abroad, including but not limited to chattel, goods, instruments, equipment, fixtures, general

2

1 intangibles, effects, leaseholds, contracts, mail or other deliveries, inventory,
2 checks, notes, accounts, credits, receivables (as those terms are defined in the
3 Uniform Commercial Code), shares of stock, futures, and all cash and currency,
4 and trusts, including but not limited to any trust held for the benefit of any
5 Defendant, any of the Individual Defendants' minor children, or any of the
6 Individual Defendants' spouses, and shall include both existing assets and assets
7 acquired after the date of entry of this Order.

8 2. **"Corporate Defendants"** means Tatto, Inc., Bullroarer, Inc., Shaboom
9 Media, LLC, Bune, LLC, Mobile Media Products, LLC, Chairman Ventures, LLC,
10 Galactic Media, LLC, Virtus Media, LLC, and their d/b/a's, successors, and
11 assigns.

12 3. **"Defendants"** means all of the Individual Defendants and Corporate
13 Defendants individually, collectively, or in any combination.

14 4. **"Document"** and **"Electronically Stored Information"** are synonymous in
15 meaning and equal in scope to the usage of the terms in Rule 34(a) of the Federal
16 Rules of Civil Procedure and include but are not limited to:

17     a. The original or a true copy of any written, typed, printed,
18        electronically stored, transcribed, taped, recorded, filmed, punched, or
19        graphic matter or other data compilations of any kind, including, but
20        not limited to, letters, email or other correspondence, messages,
21        memoranda, interoffice communications, notes, reports, summaries,
22        manuals, magnetic tapes or discs, tabulations, books, records, checks,
23        invoices, work papers, journals, ledgers, statements, returns, reports,
24        schedules, or files; and

25     b. Any electronically stored information stored on any server,
26        Blackberrys or any type of mobile device, flash drives, personal
27        digital assistants ("PDAs"), desktop personal computer and
28        workstations, laptops, notebooks, and other portable computers, or

other electronic storage media, whether assigned to individuals or in
pools of computers available for shared use, or personally owned but
used for work-related purposes; backup disks and tapes, archive disks
and tapes, and other forms of offline storage, whether stored onsite
with the computer used to generate them, stored offsite in another
company facility, or stored, hosted, or otherwise maintained offsite by
a third-party; and computers and related offline storage used by
Defendants or Defendants' participating associates, which may
include persons who are not employees of the company or who do not
work on company premises.

5.    **"Electronic Data Host"** means any person or entity in the business of
storing, hosting, or otherwise maintaining electronically stored information.

6.    **"Financial Institution"** means any bank, savings and loan institution, credit
union, or any financial depository of any kind, including, but not limited to, any
brokerage house, trustee, broker-dealer, escrow agent, title company, commodity
trading company, or precious metal dealer.

7.    **"Individual Defendants"** means Lin Miao and Andrew Bachman.

8.    **"Person"** means any individual, group, unincorporated association, limited
or general partnership, corporation, or other business entity.

<u>**ORDER**</u>

**I.    PROHIBITED PRACTICES**

**IT IS HEREBY ORDERED** that Defendants, directly or through any
corporation, partnership, subsidiary, division, trade name, or other device, and their
officers, agents, servants, employees, attorneys, and those persons or entities in
active concert or participation with them who receive actual notice of this Order by
personal service or otherwise, are temporarily restrained and enjoined from placing
or assisting others in placing any charge on a consumer's telephone bill, or from
representing or assisting others in representing, directly or indirectly, expressly or

4

1 by implication, that a consumer is obligated to pay any charge on a telephone bill,
2 unless Defendants have obtained the consumer's express informed consent to the
3 charge and Defendants have made and maintained a record of the consent.

4 **II.   PROHIBITION REGARDING CONSUMER INFORMATION**

5     **IT IS FURTHER ORDERED** that Defendants, directly or through any
6 corporation, partnership, subsidiary, division, trade name, or other device, and their
7 officers, agents, servants, employees, and attorneys, and those persons or entities in
8 active concert or participation with them who receive actual notice of this Order by
9 personal service or otherwise, are temporarily restrained and enjoined from selling,
10 transferring, or disclosing consumer information, including the name, address,
11 telephone number, email address, social security number, other identifying
12 information, or any other data that enables access to a consumer's account
13 (including, but not limited to, a credit card, bank account, telephone billing account
14 or other financial account), of any person or entity, which Defendants obtained
15 prior to entry of this Order in connection with Defendants' services.

16 **III.   ASSET FREEZE**

17     **IT IS FURTHER ORDERED** that Defendants and their officers, agents,
18 servants, employees, and attorneys, and all other persons or entities in active
19 concert or participation with any of them who receive actual notice of this Order
20 by personal service or otherwise, each are hereby temporarily restrained and
21 enjoined from directly or indirectly:

22     A.    Selling, liquidating, assigning, transferring, converting, loaning,
23 hypothecating, disbursing, gifting, conveying, encumbering, pledging, concealing,
24 dissipating, spending, withdrawing, granting a lien or security interest or other
25 interest in, or otherwise disposing of any funds, real or personal property,
26 contracts, consumer lists or other assets or any interest therein, wherever located,
27 including any assets outside the territorial United States that are:

28         1.    In the actual or constructive possession of any Defendant;

1    2.    Owned or controlled by, or held, in whole or in part for the
2 benefit of, or subject to access by, or belonging to, any Defendant; or
3    3.    In the actual or constructive possession of, or owned or
4 controlled by, or subject to access by, or belong to, any corporation, partnership,
5 trust or other entity directly or indirectly owned, managed, or under the control of
6 any Defendant;
7    B.    Opening, or causing to be opened, any safe deposit boxes titled in the
8 name of or subject to access by any Defendant;
9    C.    Incurring charges on any credit card, stored value card, debit card, or
10 charge card issued in the name, singly or jointly, of any Defendant or any other
11 entity directly or indirectly owned, managed, or controlled by any Defendant;
12    D.    Obtaining a personal or secured loan; and
13    E.    Cashing any checks from consumers, clients, or customers of any
14 Defendant.
15    **IT IS FURTHER ORDERED** that the funds, property, and assets affected
16 by this Section shall include (a) all assets of each Defendant as of the time this
17 Order is entered, and (b) those assets obtained or received after entry of this Order
18 that are derived from the actions alleged in Plaintiff's Complaint.
19 **IV.    RETENTION OF ASSETS AND DOCUMENTS BY THIRD PARTIES**
20    **IT IS FURTHER ORDERED** that, pending determination of the FTC's
21 request for a preliminary injunction, any financial or brokerage institution,
22 business entity, electronic data host, or person served with a copy of this Order that
23 holds, controls, or maintains custody of any account, document, electronically
24 stored information, or asset of, on behalf of, in the name of, for the benefit of,
25 subject to withdrawal by, subject to access or use by, or under the signatory power
26 of any Defendant or other party subject to Section III above, or has held,
27 controlled, or maintained any such account, document, electronically stored
28 information, or asset, shall:

1    A.   Hold, preserve, and retain within such entity's or person's control, and
2    prohibit the withdrawal, removal, alteration, assignment, transfer, pledge,
3    hypothecation, encumbrance, disbursement, dissipation, conversion, sale,
4    liquidation, or other disposal of such account, document, electronically stored
5    information, or asset held by or under such entity's or person's control, except as
6    directed by further order of the Court, or as directed in writing by the Receiver, as
7    defined in Section IX, regarding accounts, documents, or assets held in the name of
8    or benefit of Corporate Defendants;

9    B.   Provide the Receiver or the Receiver's agents access to electronically
10   stored information stored, hosted, or otherwise maintained on behalf of Corporate
11   Defendants for forensic imaging;

12   C.   Deny access to any safe deposit boxes that are either titled in the
13   name, individually or jointly, or subject to access by, any Defendant or other party
14   subject to Section III above;

15   D.   Provide to counsel for the FTC and the Receiver, within five (5)
16   business days, a sworn statement setting forth:

17        1.   The identification of each account or asset titled in the name,
18   individually or jointly, or held on behalf of or for the benefit of, subject to
19   withdrawal by, subject to access or use by, or under the signatory power of any
20   Defendant or other party subject to Section III above, whether in whole or in part;

21        2.   The balance of each such account, or a description of the nature
22   and value of such asset, as of the close of business on the day on which this Order
23   is served;

24        3.   The identification of any safe deposit box that is either titled in
25   the name of, individually or jointly, or is otherwise subject to access or control by,
26   any Defendant or other party subject to Section III above, whether in whole or in
27   part; and

28        4.   If the account, safe deposit box, or other asset has been closed

7

1   or removed, the date closed or removed, the balance on said date, and the name or
2   the person or entity to whom such account or other asset was remitted;

3        E.     Provide counsel for the FTC and the Receiver, within three (3)
4   business days after being served with a request, copies of all documents pertaining
5   to such account or asset, including but not limited to originals or copies of account
6   applications, account statements, signature cards, checks, drafts, deposit tickets,
7   transfers to and from the accounts, all other debit and credit instruments or slips,
8   currency transaction reports, 1099 forms, and safe deposit box logs; provided that
9   such institution or custodian may charge a reasonable fee; and

10       F.     Cooperate with all reasonable requests of the Receiver relating to this
11  Order's implementation.

12       **IT IS FURTHER ORDERED** that the accounts subject to this provision
13  include existing assets and assets deposited after the effective date of this Order.
14  This Section shall not prohibit transfers in accordance with any provision of this
15  Order, or any further order of the Court.

16  **V.    FINANCIAL STATEMENTS AND ACCOUNTING**

17       **IT IS FURTHER ORDERED** that each Defendant, within three (3)
18  business days of service of this Order, shall prepare and deliver to counsel for the
19  FTC:

20       A.     For each Individual Defendant, a completed financial statement
21  accurate as of the date of service of this Order upon such Defendant (unless
22  otherwise agreed upon with FTC counsel) in the form of Attachment A to this
23  Order captioned "Financial Statement for Individual Defendant."

24       B.     For each Corporate Defendant, a completed financial statement
25  accurate as of the date of service of this Order upon such Defendant (unless
26  otherwise agreed upon with FTC counsel) in the form of Attachment B to this
27  Order captioned "Financial Statement for Business Entity Defendant."

28       C.     For each Defendant, a completed statement, verified under oath, of all

payments, transfers or assignments of funds, assets, or property worth $1,000 or more since January 1, 2011. Such statement shall include: (a) the amount transferred or assigned; (b) the name of each transferee or assignee; (c) the date of the transfer or assignment; and (d) the type and amount of consideration paid the Defendant. Each statement shall specify the name and address of each financial institution and brokerage firm at which the Defendant has accounts or safe deposit boxes. Said statements shall include assets held in foreign as well as domestic accounts.

## VI.   CONSUMER CREDIT REPORTS

**IT IS FURTHER ORDERED** that pursuant to Section 604(1) of the Fair Credit Reporting Act, 15 U.S.C. § 1681b(1), any consumer reporting agency may furnish to the FTC a consumer report concerning any Defendant.

## VII.   REPATRIATION OF FOREIGN ASSETS

**IT IS FURTHER ORDERED** that, within five (5) business days following the service of this Order, each Defendant shall:

A.     Provide counsel for the FTC and the Receiver with a full accounting of all assets, accounts, funds, and documents outside of the territory of the United States that are held either: (1) by Defendant; (2) for Defendant's benefit; (3) in trust by or for Defendant, individually or jointly; or (4) under Defendant's direct or indirect control, individually or jointly;

B.     Transfer to the territory of the United States all assets, accounts, funds, and documents in foreign countries held either: (1) by Defendant; (2) for Defendant's benefit; (3) in trust by or for Defendant, individually or jointly; or (4) under Defendant's direct or indirect control, individually or jointly;

C.     Hold and retain all repatriated assets, accounts, funds, and documents, and prevent any transfer, disposition, or dissipation whatsoever of any such assets, accounts, funds, or documents except as by this Order; and

D.     Provide the FTC access to all records of accounts or assets of the

Defendant held by financial institutions located outside the territorial United States by signing the Consent to Release of Financial Records attached to this Order at Attachment C.

**VIII. NONINTERFERENCE WITH REPATRIATION**

**IT IS FURTHER ORDERED** that Defendants are hereby temporarily restrained and enjoined from taking any action, directly or indirectly, that may result in the encumbrance or dissipation of foreign assets, or in the hindrance of the repatriation required by the preceding Section VII of this Order, including, but not limited to:

A.      Sending any statement, letter, fax, email or wire transmission, or telephoning or engaging in any other act, directly or indirectly, that results in a determination by a foreign trustee or other entity that a "duress" event has occurred under the terms of a foreign trust agreement until such time that all assets have been fully repatriated pursuant to Section VII of this Order; or

B.      Notifying any trustee, protector, or other agent of any foreign trust or other related entities of either the existence of this Order, or of the fact that repatriation is required pursuant to a court order, until such time that all assets have been fully repatriated pursuant to Section VII of this Order.

**IX.    APPOINTMENT OF TEMPORARY RECEIVER**

**IT IS FURTHER ORDERED** that Thomas W. McNamara is appointed Temporary Receiver ("Receiver") for the business activities of Corporate Defendants with the full power of an equity receiver. The Receiver shall be the agent of this Court and solely the agent of this Court in acting as Receiver under this Order. The Receiver shall be accountable directly to this Court. The Receiver shall comply with any laws and Local Rules of this Court governing receivers.

**X.     DUTIES OF RECEIVER**

**IT IS FURTHER ORDERED** that the Receiver is directed and authorized to accomplish the following:

A.  Assume full control of Corporate Defendants by removing, as the Receiver deems necessary or advisable, any director, officer, independent contractor, employee, or agent of any Corporate Defendant, including any named Defendant, from control of, management of, or participation in, the affairs of Corporate Defendant;

B.  Take exclusive custody, control, and possession of all assets, documents, and electronically stored information of, or in the possession, custody, or under the control of, Corporate Defendants, wherever situated. The Receiver shall have full power to divert mail and to sue for, collect, receive, take in possession, hold, and manage all assets and documents of Corporate Defendants and other persons or entities whose interests are now held by or under the direction, possession, custody, or control of Corporate Defendants. Provided, however, that the Receiver shall not attempt to collect or receive any amount from a consumer if the Receiver believes the consumer was a victim of the unlawful conduct alleged in the complaint in this matter;

C.  Take all steps necessary to secure the business premises of Corporate Defendants. Such steps may include, but are not limited to, the following, as the Receiver deems necessary or advisable:

1.  Serving and filing this Order;

2.  Completing a written inventory of all assets of Corporate Defendants;

3.  Obtaining pertinent information from all employees and other agents of Corporate Defendant, including, but not limited to, the name, home address, social security number, job description, method of compensation, and all accrued and unpaid commissions and compensation of each such employee or agent, and all computer hardware and software passwords;

4.  Videotaping all portions of the location;

5.  Securing the location by changing the locks and disconnecting

11

1  any computer modems or other means of access to the computer or other records
2  maintained at that location;

3        6.    Requiring any persons present on the premises at the time this
4  Order is served to leave the premises, to provide the Receiver with proof of
5  identification, or to demonstrate to the satisfaction of the Receiver that such
6  persons are not removing from the premises documents or assets of Corporate
7  Defendants; and

8        7.    Requiring all employees, independent contractors, and
9  consultants of Corporate Defendants to complete a Questionnaire submitted by the
10 Receiver;

11     D.    Conserve, hold, and manage all assets of Corporate Defendants, and
12 perform all acts necessary or advisable to preserve the value of those assets, in
13 order to prevent any irreparable loss, damage, or injury to consumers or to
14 creditors of Corporate Defendants, including, but not limited to, obtaining an
15 accounting of the assets and preventing transfer, withdrawal, or misapplication of
16 assets;

17     E.    Enter into contracts and purchase insurance as the Receiver deems to
18 be advisable or necessary;

19     F.    Prevent the inequitable distribution of assets and determine, adjust,
20 and protect the interests of consumers and creditors who have transacted business
21 with Corporate Defendants;

22     G.    Manage and administer the business of Corporate Defendants until
23 further order of this Court by performing all incidental acts that the Receiver
24 deems to be advisable or necessary, which includes retaining, hiring, or dismissing
25 any employees, independent contractors, or agents;

26     H.    Choose, engage, and employ attorneys, accountants, appraisers, and
27 other independent contractors and technical specialists, as the Receiver deems
28 advisable or necessary in the performance of duties and responsibilities under the

1 authority granted by this Order;

2     I.    Make payments and disbursements from the Receivership estate that
3 are necessary or advisable for carrying out the directions of, or exercising the
4 authority granted by, this Order. The Receiver shall apply to the Court for prior
5 approval of any payment of any debt or obligation incurred by Corporate
6 Defendants prior to the date of entry of this Order, except payments that the
7 Receiver deems necessary or advisable to secure assets of Corporate Defendants,
8 such as rental payments;

9     J.    Determine and implement the manner in which Corporate Defendants
10 will comply with, and prevent violations of, this Order and all other applicable
11 laws, including, but not limited to, obtaining consumers' express agreement to the
12 placement of charges on the consumers' telephone bills prior to billing consumers
13 and making and maintain records of the agreement. Such verification may include
14 contacting Corporate Defendants' existing consumers, via text message or
15 otherwise, to determine whether such consumers (a) authorized such billing, and
16 (b) agree to continue such billing.

17     K.    Institute, compromise, adjust, appear in, intervene in, or become party
18 to such actions or proceedings in state, federal, or foreign courts that the Receiver
19 deems necessary and advisable to preserve or recover the assets of Corporate
20 Defendants, or that the Receiver deems necessary and advisable to carry out the
21 Receiver's mandate under this Order;

22     L.    Defend, compromise, adjust, or otherwise dispose of any or all actions
23 or proceedings instituted in the past or in the future against the Receiver in his role
24 as Receiver, or against Corporate Defendants, that the Receiver deems necessary
25 and advisable to preserve the assets of Corporate Defendants or that the Receiver
26 deems necessary and advisable to carry out the Receiver's mandate under this
27 Order;

28     M.    Continue and conduct the business of Corporate Defendants in such

manner, to such extent, and for such duration as the Receiver may in good faith deem to be necessary or appropriate to operate the business profitably and lawfully, if at all; provided, however, that the continuation and conduct of the business shall be conditioned upon the Receiver's good faith determination that the businesses can be lawfully operated at a profit using the assets of the receivership estate;

N.    Take depositions and issue subpoenas to obtain documents and records pertaining to the receivership estate and compliance with this Order. Subpoenas may be served by agents or attorneys of the Receiver and by agents of any process server retained by the Receiver;

O.    Open one or more bank accounts in the Central District of California as designated depositories for funds of Corporate Defendants. The Receiver shall deposit all funds of Corporate Defendants in such a designated account and shall make all payments and disbursements from the receivership estate from such account(s);

P.    Maintain accurate records of all receipts and expenditures that he makes as Receiver;

Q.    Upon request by any party, make available to that party within three calendar days copies of any documents obtained pursuant to the Receivership;

R.    Cooperate with reasonable requests for information or assistance from any state or federal law enforcement agency.

**IT IS FURTHER ORDERED** that the Receiver will be responsible for maintaining the chain of custody of all of Corporate Defendants' records in his possession, pursuant to procedures to be established in writing with the approval of the FTC.

## XI.    COOPERATION WITH RECEIVER

**IT IS FURTHER ORDERED** that:

A.    Defendants, and their officers, agents, directors, servants, employees,

salespersons, independent contractors, attorneys, corporations, subsidiaries, affiliates, successors, and assigns, all other persons or entities in active concert or participation with them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division, or other device, or any of them, shall fully cooperate with and assist the Receiver. Defendants' cooperation and assistance shall include, but not be limited to:

        1.     Providing any information to the Receiver that the Receiver deems necessary to exercising the authority and discharging the responsibilities of the Receiver under this Order, including but not limited to allowing the Receiver to inspect documents and assets and to partition office space;

        2.     Providing any password and executing any documents required to access any computer or electronic files in any medium, including but not limited to electronically stored information stored, hosted or otherwise maintained by an electronic data host; and

        3.     Advising all persons who owe money to the Corporate Defendants that all debts should be paid directly to the Receiver.

        B.     Defendants and their officers, directors, agents, servants, employees, attorneys, successors, assigns, and all other persons or entities directly or indirectly, in whole or in part, under their control, and all other persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, are hereby temporarily restrained and enjoined from directly or indirectly:

        1.     Transacting any of the business of the Corporate Defendants;

        2.     Destroying, secreting, erasing, mutilating, defacing, concealing, altering, transferring or otherwise disposing of, in any manner, directly or indirectly, any documents, electronically stored information, or equipment of Corporate Defendants, including but not limited to contracts, agreements,

consumer files, consumer lists, consumer addresses and telephone numbers, correspondence, advertisements, brochures, sales material, sales presentations, documents evidencing or referring to Corporate Defendants' services, debt collection training materials, debt collection scripts, data, computer tapes, disks, or other computerized records, books, written or printed records, handwritten notes, telephone or SMS logs, web logs, "verification" or "compliance" tapes or other audio or video tape recordings, receipt books, invoices, postal receipts, ledgers, personal and business canceled checks and check registers, bank statements, appointment books, copies of federal, state or local business or personal income or property tax returns, photographs, mobile devices, electronic storage media, accessories, and any other documents, records or equipment of any kind that relate to the business practices or finances of Corporate Defendants or any other entity directly or indirectly under the control of Corporate Defendants;

       3.     Transferring, receiving, altering, selling, encumbering, pledging, assigning, liquidating, or otherwise disposing of any assets owned, controlled, or in the possession or custody of, or in which an interest is held or claimed by, the Corporate Defendants, or the Receiver;

       4.     Excusing debts owed to the Corporate Defendants;

       5.     Failing to notify the Receiver of any asset, including accounts, of Corporate Defendants held in any name other than the name of any Corporate Defendant, or by any person or entity other than any Corporate Defendant, or failing to provide any assistance or information requested by the Receiver in connection with obtaining possession, custody, or control of such assets;

       6.     Failing to create and maintain books, records, and accounts which, in reasonable detail, accurately, fairly, and completely reflect the incomes, assets, disbursements, transactions and use of monies by the Corporate Defendant or any other entity directly or indirectly under the control of the Corporate Defendant;

1    7.    Doing any act or refraining from any act whatsoever to interfere
2  with the Receiver's taking custody, control, possession, or managing of the assets
3  or documents subject to this Receivership; or to harass or to interfere with the
4  Receiver in any way; or to interfere in any manner with the exclusive jurisdiction
5  of this Court over the assets or documents of Corporate Defendants; or to refuse to
6  cooperate with the Receiver or the Receiver's duly authorized agents in the
7  exercise of their duties or authority under any Order of this Court; and

8    8.    Filing, or causing to be filed, any petition on behalf of any
9  Corporate Defendant for relief under the United States Bankruptcy Code, 11
10  U.S.C. § 101 *et seq.*, without prior permission from this Court.

11  **XII.  DELIVERY OF RECEIVERSHIP PROPERTY**

12    **IT IS FURTHER ORDERED** that immediately upon service of this Order
13  upon them or upon their otherwise obtaining actual knowledge of this Order, or
14  within a period permitted by the Receiver, Defendants and their officers, agents,
15  servants, employees, and attorneys, and all other persons or entities in active
16  concert or participation with any of them who receive actual notice of this Order
17  by personal service or otherwise shall transfer or deliver access to, possession,
18  custody, and control of the following to the Receiver:

19    A.    All assets of Corporate Defendants;

20    B.    All documents and electronically stored information of Corporate
21  Defendants, including, but not limited to, books and records of accounts, all
22  financial and accounting records, balance sheets, income statements, bank records
23  (including monthly statements, canceled checks, records of wire transfers, records
24  of ACH transactions, and check registers), client or customer lists, title documents
25  and other papers;

26    C.    All assets belonging to members of the public now held by Corporate
27  Defendants;

28    D.    All keys, computer and other passwords, entry codes, combinations to

1 locks required to open or gain or secure access to any assets or documents of
2 Corporate Defendants, wherever located, including, but not limited to, access to
3 their business premises, means of communication, accounts, computer systems, or
4 other property; and

5      E.    Information identifying the accounts, employees, properties, or other
6 assets or obligations of Corporate Defendants.

7     **IT IS FURTHER ORDERED** that, in the event any person or entity fails to
8 deliver or transfer immediately any asset or otherwise fails to comply with any
9 provision of this Section, the Receiver may file *ex parte* with the Court an
10 Affidavit of Non-Compliance regarding the failure. Upon filing of the affidavit,
11 the Court may authorize, without additional process or demand, Writs of
12 Possession or Sequestration or other equitable writs requested by the Receiver.
13 The writs shall authorize and direct the United States Marshal or any sheriff or
14 deputy sheriff of any county (pursuant to Fed. R. Civ. P. 4(c)(1)) to seize the asset,
15 document, or other thing and to deliver it to the Receiver.

16 ## XIII. COMPENSATION FOR RECEIVER

17     **IT IS FURTHER ORDERED** that the Receiver and all personnel hired by
18 the Receiver as herein authorized, including counsel to the Receiver and
19 accountants, are entitled to reasonable compensation for the performance of duties
20 pursuant to this Order, and for the cost of actual out-of-pocket expenses incurred
21 by them, from the assets now held by or in the possession or control of, or which
22 may be received by, the Corporate Defendants. The Receiver shall file with the
23 Court and serve on the parties periodic requests for the payment of such reasonable
24 compensation, with the first such request filed no more than sixty (60) days after
25 the date of this Order. The Receiver shall not increase the hourly rates used as the
26 bases for such fee applications without prior approval of the Court.

27 ## XIV. RECEIVER'S REPORTS

28     **IT IS FURTHER ORDERED** that the Receiver shall report to this Court

on or before the date set for the hearing to Show Cause regarding the Preliminary

Injunction, regarding: (1) the steps taken by the Receiver to implement the terms

of this Order; (2) the value of all liquidated and unliquidated assets of Corporate

Defendants; (3) the sum of all liabilities of Corporate Defendants; (4) the steps the

Receiver intends to take in the future to: (a) prevent any diminution in the value of

assets of Corporate Defendants, (b) pursue receivership assets from third parties,

and (c) adjust the liabilities of Corporate Defendants, if appropriate; (5) the

Receiver's assessment of whether the business can be operated in compliance with

this Order; and (6) any other matters which the Receiver believes should be

brought to the Court's attention. *Provided, however,* if any of the required

information would hinder the Receiver's ability to pursue receivership assets, the

portions of the Receiver's report containing such information may be filed under

seal and not served on the parties.

## XV. RECEIVER'S BOND

**IT IS FURTHER ORDERED** that the Receiver shall file with the Clerk of

this Court a bond in the sum of $5,000.00 with sureties to be approved by the

Court, conditioned that the Receiver will well and truly perform the duties of the

office and abide by and perform all acts the Court directs.

## XVI. STAY OF ACTIONS

**IT IS FURTHER ORDERED** that except by leave of this Court, during

pendency of the Receivership ordered herein, Defendants and all customers,

principals, investors, creditors, stockholders, lessors, and other persons seeking to

establish or enforce any claim, right, or interest against or on behalf of Corporate

Defendants, and all others acting for or on behalf of such persons, including

attorneys, trustees, agents, sheriffs, constables, marshals, and other officers and

their deputies, and their respective attorneys, servants, agents, and employees shall

be and are hereby stayed from:

    A.    Commencing, prosecuting, continuing, entering, or enforcing any suit

1  or proceeding, except that such actions may be filed to toll any applicable statute of

2  limitations;

3      B.    Accelerating the due date of any obligation or claimed obligation;

4  filing or enforcing any lien; taking or attempting to take possession, custody, or

5  control of any asset; attempting to foreclose, forfeit, alter, or terminate any interest

6  in any asset, whether such acts are part of a judicial proceeding, are acts of self-

7  help, or otherwise;

8      C.    Executing, issuing, serving, or causing the execution, issuance or

9  service of, any legal process, including, but not limited to, attachments,

10  garnishments, subpoenas, writs of replevin, writs of execution, or any other form

11  of process whether specified in this Order or not; or

12      D.    Doing any act or thing whatsoever to interfere with the Receiver

13  taking custody, control, possession, or management of the assets or documents

14  subject to this Receivership, or to harass or interfere with the Receiver in any way,

15  or to interfere in any manner with the exclusive jurisdiction of this Court over the

16  assets or documents of Corporate Defendants;

17      E.    This Section does not stay:

18          1.    The commencement or continuation of a criminal action or

19  proceeding;

20          2.    The commencement or continuation of an action or proceeding

21  by a governmental unit to enforce such governmental unit's police or regulatory

22  power;

23          3.    The enforcement of a judgment, other than a money judgment,

24  obtained in an action or proceeding by a governmental unit to enforce such

25  governmental unit's police or regulatory power; or

26          4.    The issuance to any Corporate Defendant of a notice of tax

27  deficiency; and

28      F.    Except as otherwise provided in this Order, all persons and entities in

need of documentation from the Receiver shall in all instances first attempt to secure such information by submitting a formal written request to the Receiver, and, if such request has not been responded to within thirty (30) days of receipt by the Receiver, any such person or entity may thereafter seek an Order of this Court with regard to the relief requested.

## XVII.   PRESERVATION OF RECORDS AND TANGIBLE THINGS

**IT IS FURTHER ORDERED** that Defendants, directly or through any corporation, partnership, subsidiary, division, trade name, or other device, and their officers, agents, servants, employees, and attorneys, and those persons or entities in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, are temporarily enjoined from destroying, erasing, mutilating, concealing, altering, transferring, or otherwise disposing of, in any manner, directly or indirectly, any documents or records that relate to the business practices, or business or personal finances, of Defendants, or an entity directly or indirectly under the control of Defendants.

## XVIII.     LIMITED EXPEDITED DISCOVERY

**IT IS FURTHER ORDERED** that the FTC is granted leave to conduct certain expedited discovery, and that, commencing with the time and date of this Order, in lieu of the time periods, notice provisions, and other requirements of Rules 26, 30, 34, and 45 of the Federal Rules of Civil Procedure, expedited discovery as to parties and non-parties shall proceed as follows:

A.      The FTC may serve interrogatories for the purpose of discovering: (1) the nature, location, status, and extent of assets of Defendants or their affiliates or subsidiaries; (2) the nature and location of documents and business records of Defendants or their affiliates or subsidiaries; and (3) compliance with this Order. Defendants shall respond within five (5) calendar days after the FTC serves such interrogatories.  Provided that, notwithstanding Federal Rule of Civil Procedure 33(a)(1), this Subsection shall not preclude any future interrogatories by the FTC.

B.     The FTC may, upon five (5) calendar days notice, including through the use of a Rule 45 Subpoena, demand the production of documents from any person or entity, whether or not a defendant, relating to: (1) the nature, location, status, and extent of assets of Defendants or their affiliates or subsidiaries; (2) the nature and location of documents and business records of Defendants or their affiliates or subsidiaries; and (3) compliance with this Order.  Provided that two (2) calendar days notice shall be deemed sufficient for the production of any such documents that are maintained or stored only as electronic data.

C.     The FTC is granted leave to subpoena documents immediately from any financial institution, account custodian, or other entity or person that holds, controls, or maintains custody of any account or asset of any Defendant, or has held, controlled or maintained custody of any account or asset of any Defendant concerning the nature, location, status, and extent of Defendants' assets, and compliance with this Order, and such financial institution, account custodian or other entity shall respond to such subpoena within five (5) business days after service.

For purposes of discovery upon a Defendant pursuant to this Section, service shall be sufficient if made by facsimile, email, or by overnight courier.

**XIX. DEFENDANTS' DUTY TO DISTRIBUTE ORDER**

**IT IS FURTHER ORDERED** that Defendants shall immediately provide a copy of this Order to each affiliate, subsidiary, division, sales entity, successor, assign, officer, director, employee, independent contractor, client company, electronic data host, agent, attorney, spouse, and representative of Defendants and shall, within three (3) calendar days from the date of entry of this Order, provide counsel for the FTC with a sworn statement that:  (1) confirms that Defendants have provided copies of the Order as required by this Section and (2) lists the names and addresses of each entity or person to whom Defendants provided a copy of the Order.  Furthermore, Defendants shall not take any action that would

encourage officers, agents, directors, employees, salespersons, independent contractors, attorneys, subsidiaries, affiliates, successors, assigns, or other persons or entities in active concert or participation with Defendants to disregard this Order.

## XX.  DURATION OF TEMPORARY RESTRAINING ORDER

**IT IS FURTHER ORDERED** that the Temporary Restraining Order granted herein shall expire on December 19, 2013, at 12:00 o'clock p.m., unless within such time, the Order, for good cause shown, is extended with the consent of the parties, or unless it is further extended pursuant to Federal Rule of Civil Procedure 65.

## XXI.  ORDER TO SHOW CAUSE REGARDING PRELIMINARY INJUNCTION

**IT IS FURTHER ORDERED** that, pursuant to Federal Rule of Civil Procedure 65(b), the Defendants shall appear before this Court on December 18, 2013, at 1:30 p.m., to show cause, if there is any, why this Court should not enter a preliminary injunction enjoining the violations of law alleged in the FTC's Complaint, continuing the freeze of their assets, and imposing such additional relief as may be appropriate.

## XXII. SERVICE OF PLEADINGS, EVIDENCE, WITNESS LISTS

**IT IS FURTHER ORDERED** that:

A.     Defendants shall file any answering affidavits, pleadings, or legal memoranda with the Court and serve the same on counsel for the FTC no later than December 12, 2013.  The FTC may file responsive or supplemental pleadings, materials, affidavits, or memoranda with the Court and serve the same on counsel for Defendants no later than December 16, 2013.  Service shall be performed by personal or overnight delivery, facsimile, or email, and documents shall be delivered so that they shall be received by the other parties no later than 1 p.m. (PST) on the appropriate dates listed in this Subparagraph;

B.    The question of whether this Court should enter a preliminary injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure enjoining the Defendants during the pendency of this action shall be resolved on the pleadings, declarations, exhibits, and memoranda filed by, and oral argument of, the parties. Live testimony shall be heard only on further order of this Court. If a party seeks to present live testimony, it shall file a motion with the Court and serve it on counsel for the other parties at least five (5) business days prior to the preliminary injunction hearing in this matter. Such motion shall set forth the name, address, and telephone number of each proposed witness, a detailed summary or affidavit disclosing the substance of each proposed witness' expected testimony, and an explanation of why the taking of live testimony would be helpful to this Court. Any papers opposing a timely motion to present live testimony or to present live testimony in response to live testimony to be presented by another party shall be filed with this Court and served on the other parties at least three (3) business days prior to the preliminary injunction hearing in this matter. Provided that service shall be performed by personal or overnight delivery or by facsimile or email, and documents shall be delivered so that they shall be received by the other parties no later than 1 p.m. (PST) on the appropriate dates listed in this Subparagraph; and

C.    If a party moves to offer its own live witness at the preliminary injunction hearing, the party must make the witness available for deposition prior to the hearing. An opposing party may serve a notice of deposition no later than two (2) days before the noticed deposition date. Such depositions may be conducted telephonically or in person. Deposition transcripts that have not been signed by the witness may be used at the preliminary injunction hearing in this matter. Provided that, notwithstanding Federal Rule of Civil Procedure 30(a)(2), this Section shall not preclude any future depositions by the deposing party. Provided further, that any deposition taken pursuant to this Section shall be in

1   addition to, and not subject to, the presumptive limits on depositions set forth in
2   Federal Rule of Civil Procedure 30(a)(2)(A). Provided further that service shall be
3   performed by personal or overnight delivery or by facsimile or email, and
4   documents shall be delivered so that they shall be received by the other parties no
5   later than 1 p.m. (PST) on the appropriate dates listed in this Subparagraph.

6   **XXIII.      SERVICE OF THIS ORDER**

7        **IT IS FURTHER ORDERED** that copies of this Order may be served by
8   any means, including facsimile transmission, email, personal or overnight delivery,
9   or U.S. Mail, by agents and employees of the FTC or any state or federal law
10  enforcement agency or by private process server, upon any financial institution or
11  other entity or person that may have possession, custody, or control of any
12  documents or assets of any Defendant, or that may otherwise be subject to any
13  provision of this Order. Service upon any branch or office of any financial
14  institution shall effect service upon the entire financial institution.

15  **XXIV.      SERVICE UPON THE COMMISSION**

16       **IT IS FURTHER ORDERED**, with regard to any correspondence or
17  pleadings related to this Order, that service on the Commission's counsel shall be
18  performed by commercial overnight mail delivery, facsimile, or email to the
19  attention of: Heather Allen, Division of Financial Practices, Federal Trade
20  Commission, 600 Pennsylvania Ave., NW, Mailstop NJ-3158, Washington, DC,
21  20580, hallen@ftc.gov, (202) 326-3629 (fax).

22  **XXV. RETENTION OF JURISDICTION**

23       **IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of
24  this matter for all purposes of construction, modification, and enforcement of this
25  Order.

26

27

28

SO ORDERED this 5th day of December, 2013, at 3:00 p.m.

_Dale S. Fischer_

—————————————————————

UNITED STATES DISTRICT JUDGE

# ATTACHMENT A

## FINANCIAL STATEMENT OF INDIVIDUAL DEFENDANT

**Definitions and Instructions:**

1. Complete all items. Enter "None" or "N/A" ("Not Applicable") in the first field only of any item that does not apply to you. If you cannot fully answer a question, explain why.

2. "Dependents" include your spouse, live-in companion, dependent children, or any other person, whom you or your spouse (or your children's other parent) claimed or could have claimed as a dependent for tax purposes at any time during the past five years.

3. "Assets" and "Liabilities" include ALL assets and liabilities, located within the United States or any foreign country or territory, whether held individually or jointly and whether held by you, your spouse, or your dependents, or held by others for the benefit of you, your spouse, or your dependents.

4. Attach continuation pages as needed. On the financial statement, state next to the Item number that the Item is being continued. On the continuation page(s), identify the Item number(s) being continued.

5. Type or print legibly.

6. Initial each page in the space provided in the lower right corner.

7. Sign and date the completed financial statement on the last page.

**Penalty for False Information:**

Federal law provides that any person may be imprisoned for not more than five years, fined, or both, if such person:

(1) "in any matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States, knowingly and willfully falsifies, conceals or covers up by any trick, scheme, or devise a material fact; makes any materially false, fictitious or fraudulent statement or representation; or makes or uses any false writing or document knowing the same to contain any materially false, fictitious or fraudulent statement or entry" (18 U.S.C. § 1001);

(2) "in any . . . statement under penalty of perjury as permitted under section 1746 of title 28, United States Code, willfully subscribes as true any material matter which he does not believe to be true" (18 U.S.C. § 1621); or

(3) "in any ( . . . statement under penalty of perjury as permitted under section 1746 of title 28, United States Code) in any proceeding before or ancillary to any court or grand jury of the United States knowingly makes any false material declaration or makes or uses any other information . . . knowing the same to contain any false material declaration" (18 U.S.C. § 1623).

For a felony conviction under the provisions cited above, federal law provides that the fine may be not more than the greater of (i) $250,000 for an individual or $500,000 for a corporation, or (ii) if the felony results in pecuniary gain to any person or pecuniary loss to any person other than the defendant, the greater of twice the gross gain or twice the gross loss. 18 U.S.C. § 3571.

# BACKGROUND INFORMATION

## Item 1. Information About You

Full Name

Current Address of Primary Residence

☐ Rent ☐ Own    From (Date):   /   /   (mm/dd/yyyy)

Internet Home Page

Social Security No.

Driver's License No.     State Issued

Phone Numbers
Home: (   )
Fax: (   )

Date of Birth:   /   /   (mm/dd/yyyy)

Place of Birth

E-Mail Address

## Previous Addresses for past five years (if required, use additional pages at end of form)

Address

From:   /   /   (mm/dd/yyyy)    Until:   /   /   (mm/dd/yyyy)

☐ Rent ☐ Own

Address

From:   /   /    Until:   /   /

☐ Rent ☐ Own

Address

From:   /   /    Until:   /   /

☐ Rent ☐ Own

Identify any other name(s) and/or social security number(s) you have used, and the time period(s) during which they were used:

## Item 2. Information About Your Spouse or Live-In Companion

Spouse/Companion's Name

Address (if different from yours)

Social Security No.

Date of Birth
  /   /
(mm/dd/yyyy)

Phone Number
(   )

Place of Birth

☐ Rent ☐ Own    From (Date):   /   /   (mm/dd/yyyy)

Identify any other name(s) and/or social security number(s) you have used, and the time period(s) during which they were used:

Employer's Name and Address

Job Title

Years in Present Job

Annual Gross Salary/Wages
$

## Item 3. Information About Your Previous Spouse

Name and Address

Social Security No.

Date of Birth
  /   /
(mm/dd/yyyy)

## Item 4. Contact Information (name and address of closest living relative other than your spouse)

Name and Address

Phone Number
(   )

Initials: _____

| Name and Address | Social Security No. | Date of Birth<br>/   /<br>(mm/dd/yyyy) |
|---|---|---|
|  | Relationship |  |
| Name and Address | Social Security No. | Date of Birth<br>/   /<br>(mm/dd/yyyy) |
|  | Relationship |  |
| Name and Address | Social Security No. | Date of Birth<br>/   /<br>(mm/dd/yyyy) |
|  | Relationship |  |
| Name and Address | Social Security No. | Date of Birth<br>/   /<br>(mm/dd/yyyy) |
|  | Relationship |  |

**Item 6.  Employment Information/Employment Income**

Provide the following information for this year-to-date and for each of the previous five full years, for each business entity of which you were a director, officer, member, partner, employee (including self-employment), agent, owner, shareholder, contractor, participant or consultant at any time during that period. "Income" includes, but is not limited to, any salary, commissions, distributions, draws, consulting fees, loans, loan payments, dividends, royalties, and benefits for which you did not pay (e.g., health insurance premiums, automobile lease or loan payments) received by you or anyone else on your behalf.

| Company Name and Address | Dates Employed | | Income Received: This year to date | |
|---|---|---|---|---|
| | From (Month/Year)<br>/ | To (Month/Year)<br>/ | Year<br>20 | Income<br>$ |
| Ownership Interest?  ☐ Yes ☐ No | | | | $ |
| Positions Held | From (Month/Year)<br>/ | To (Month/Year)<br>/ | | $ |
| | / | / | | $ |
| | / | / | | $ |
| | / | / | | $ |
| Company Name and Address | Dates Employed | | Income Received: This year to date | |
| | From (Month/Year)<br>/ | To (Month/Year)<br>/ | Year<br>20 | Income<br>$ |
| Ownership Interest?  ☐ Yes ☐ No | | | | $ |
| Positions Held | From (Month/Year)<br>/ | To (Month/Year)<br>/ | | $ |
| | / | / | | $ |
| | / | / | | $ |
| | / | / | | $ |
| Company Name and Address | Dates Employed | | Income Received: This year to date | |
| | From (Month/Year)<br>/ | To (Month/Year)<br>/ | Year<br>20 | Income<br>$ |
| Ownership Interest?  ☐ Yes ☐ No | | | | $ |
| Positions Held | From (Month/Year)<br>/ | To (Month/Year)<br>/ | | $ |
| | / | / | | $ |
| | / | / | | $ |
| | / | / | | $ |

Initials: _____

## Item 7. Pending Lawsuits Filed By or Against You or Your Spouse

List all pending lawsuits that have been filed by or against you or your spouse in any court or before an administrative agency in the United States or in any foreign country or territory. *Note:* At Item 12, list lawsuits that resulted in final judgments or settlements in your favor. At Item 21, list lawsuits that resulted in final judgments or settlements against you.

| Caption of Proceeding | Court or Agency and Location | Case No. | Nature of Proceeding | Relief Requested | Status or Disposition |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

## Item 8. Safe Deposit Boxes

List all safe deposit boxes, located within the United States or in any foreign country or territory, whether held individually or jointly and whether held by you, your spouse, or any of your dependents, or held by others for the benefit of you, your spouse, or any of your dependents.

| Name of Owner(s) | Name & Address of Depository Institution | Box No. | Contents |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

Initials: _____

## FINANCIAL INFORMATION

**REMINDER:** When an item asks for information regarding your "assets" and "liabilities," include ALL assets and liabilities, located within the United States or in any foreign country or territory, or institution, whether held individually or jointly, and whether held by you, your spouse, or any of your dependents, or held by others for the benefit of you, your spouse, or any of your dependents. In addition, provide all documents requested in Item 24 with your completed Financial Statement.

## ASSETS

### Item 9. Cash, Bank, and Money Market Accounts

List cash on hand (as opposed to cash in bank accounts or other financial accounts) and all bank accounts, money market accounts, or other financial accounts, including but not limited to checking accounts, savings accounts, and certificates of deposit. The term "cash on hand" includes but is not limited to cash in the form of currency, uncashed checks, and money orders.

a. Amount of Cash on Hand  $ ____    Form of Cash on Hand ____

| b.  Name on Account | Name & Address of Financial Institution | Account No. | Current Balance |
|---|---|---|---|
| | | | $ |
| | | | $ |
| | | | $ |
| | | | $ |
| | | | $ |

### Item 10. Publicly Traded Securities

List all publicly traded securities, including but not limited to, stocks, stock options, corporate bonds, mutual funds, U.S. government securities (including but not limited to treasury bills and treasury notes), and state and municipal bonds. Also list any U.S. savings bonds.

| Owner of Security | | Issuer | Type of Security | No. of Units Owned |
|---|---|---|---|---|
| Broker House, Address | | Broker Account No. | | |
| | | Current Fair Market Value  $ | Loan(s) Against Security  $ | |
| Owner of Security | | Issuer | Type of Security | No. of Units Owned |
| Broker House, Address | | Broker Account No. | | |
| | | Current Fair Market Value  $ | Loan(s) Against Security  $ | |
| Owner of Security | | Issuer | Type of Security | No. of Units Owned |
| Broker House, Address | | Broker Account No. | | |
| | | Current Fair Market Value  $ | Loan(s) Against Security  $ | |

Initials: _____

## Item 11. Non-Public Business and Financial Interests

List all non-public business and financial interests, including but not limited to any interest in a non-public corporation, subchapter-S corporation, limited liability corporation ("LLC"), general or limited partnership, joint venture, sole proprietorship, international business corporation or personal investment corporation, and oil or mineral lease.

| Entity's Name & Address | Type of Business or Financial Interest (e.g., LLC, partnership) | Owner (e.g., self, spouse) | Ownership % | If Officer, Director, Member or Partner, Exact Title |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |

## Item 12. Amounts Owed to You, Your Spouse, or Your Dependents

| Debtor's Name & Address | Date Obligation Incurred (Month/Year) / | Original Amount Owed $ | Nature of Obligation (if the result of a final court judgment or settlement, provide court name and docket number) |
|---|---|---|---|
| | Current Amount Owed $ | Payment Schedule $ | |
| Debtor's Telephone | Debtor's Relationship to You | | |
| Debtor's Name & Address | Date Obligation Incurred (Month/Year) / | Original Amount Owed $ | Nature of Obligation (if the result of a final court judgment or settlement, provide court name and docket number) |
| | Current Amount Owed $ | Payment Schedule $ | |
| Debtor's Telephone | Debtor's Relationship to You | | |

## Item 13. Life Insurance Policies

List all life insurance policies (including endowment policies) with any cash surrender value.

| Insurance Company's Name, Address, & Telephone No. | Beneficiary | Policy No. | Face Value $ |
|---|---|---|---|
| | Insured | Loans Against Policy $ | Surrender Value $ |
| Insurance Company's Name, Address, & Telephone No. | Beneficiary | Policy No. | Face Value $ |
| | Insured | Loans Against Policy $ | Surrender Value $ |

## Item 14. Deferred Income Arrangements

List all deferred income arrangements, including but not limited to, deferred annuities, pensions plans, profit-sharing plans, 401(k) plans, IRAs, Keoghs, other retirement accounts, and college savings plans (e.g., 529 Plans).

| Trustee or Administrator's Name, Address & Telephone No. | Name on Account | | Account No. |
|---|---|---|---|
| | Date Established / / (mm/dd/yyyy) | Type of Plan | Surrender Value before Taxes and Penalties $ |
| Trustee or Administrator's Name, Address & Telephone No. | Name on Account | | Account No. |
| | Date Established / / | Type of Plan | Surrender Value before Taxes and Penalties $ |

Initials: _____

## Item 15. Pending Insurance Payments or Inheritances
List any pending insurance payments or inheritances owed to you.

| Type | Amount Expected | Date Expected (mm/dd/yyyy) |
|------|-----------------|----------------------------|
| | $ | / / |
| | $ | / / |
| | $ | / / |

## Item 16. Vehicles
List all cars, trucks, motorcycles, boats, airplanes, and other vehicles.

| Vehicle Type | Year | Registered Owner's Name | Purchase Price $ | | Original Loan Amount $ | Current Balance $ |
|---|---|---|---|---|---|---|
| Make | | Registration State & No. | Account/Loan No. | | Current Value $ | Monthly Payment $ |
| Model | | Address of Vehicle's Location | Lender's Name and Address | | | |

| Vehicle Type | Year | Registered Owner's Name | Purchase Price $ | | Original Loan Amount $ | Current Balance $ |
|---|---|---|---|---|---|---|
| Make | | Registration State & No. | Account/Loan No. | | Current Value $ | Monthly Payment $ |
| Model | | Address of Vehicle's Location | Lender's Name and Address | | | |

| Vehicle Type | Year | Registered Owner's Name | Purchase Price $ | | Original Loan Amount $ | Current Balance $ |
|---|---|---|---|---|---|---|
| Make | | Registration State & No. | Account/Loan No. | | Current Value $ | Monthly Payment $ |
| Model | | Address of Vehicle's Location | Lender's Name and Address | | | |

| Vehicle Type | Year | Registered Owner's Name | Purchase Price $ | | Original Loan Amount $ | Current Balance $ |
|---|---|---|---|---|---|---|
| Make | | Registration State & No. | Account/Loan No. | | Current Value $ | Monthly Payment $ |
| Model | | Address of Vehicle's Location | Lender's Name and Address | | | |

## Item 17. Other Personal Property
List all other personal property not listed in Items 9-16 by category, whether held for personal use, investment or any other reason, including but not limited to coins, stamps, artwork, gemstones, jewelry, bullion, other collectibles, copyrights, patents, and other intellectual property.

| Property Category (e.g., artwork, jewelry) | Name of Owner | Property Location | Acquisition Cost | Current Value |
|---|---|---|---|---|
| | | | $ | $ |
| | | | $ | $ |
| | | | $ | $ |

Initials: _____

## Item 18. Real Property
List all real property interests (including any land contract)

| Property's Location | | Type of Property | | Name(s) on Title or Contract and Ownership Percentages | |
|---|---|---|---|---|---|
| **Acquisition Date (mm/dd/yyyy)** / / | **Purchase Price** $ | | **Current Value** $ | **Basis of Valuation** | |
| **Lender's Name and Address** | | **Loan or Account No.** | | **Current Balance On First Mortgage or Contract** $ | |
| | | | | **Monthly Payment** $ | |
| **Other Mortgage Loan(s) (describe)** | | **Monthly Payment** $ | | ☐ Rental Unit | |
| | | **Current Balance** $ | | **Monthly Rent Received** $ | |

| Property's Location | | Type of Property | | Name(s) on Title or Contract and Ownership Percentages | |
|---|---|---|---|---|---|
| **Acquisition Date (mm/dd/yyyy)** / / | **Purchase Price** $ | | **Current Value** $ | **Basis of Valuation** | |
| **Lender's Name and Address** | | **Loan or Account No.** | | **Current Balance On First Mortgage or Contract** $ | |
| | | | | **Monthly Payment** $ | |
| **Other Mortgage Loan(s) (describe)** | | **Monthly Payment** $ | | ☐ Rental Unit | |
| | | **Current Balance** $ | | **Monthly Rent Received** $ | |

## LIABILITIES

## Item 19. Credit Cards
List each credit card account held by you, your spouse, or your dependents, and any other credit cards that you, your spouse, or your dependents use, whether issued by a United States or foreign financial institution.

| Name of Credit Card (e.g., Visa, MasterCard, Department Store) | Account No. | Name(s) on Account | Current Balance |
|---|---|---|---|
| | | | $ |
| | | | $ |
| | | | $ |
| | | | $ |
| | | | $ |

## Item 20. Taxes Payable
List all taxes, such as income taxes or real estate taxes, owed by you, your spouse, or your dependents.

| Type of Tax | Amount Owed | Year Incurred |
|---|---|---|
| | $ | |
| | $ | |
| | $ | |

## Item 21. Other Amounts Owed by You, Your Spouse, or Your Dependents

List all other amounts, not listed elsewhere in this financial statement, owed by you, your spouse, or your dependents.

| Lender/Creditor's Name, Address, and Telephone No. | Nature of Debt (if the result of a court judgment or settlement, provide court name and docket number) |
| | |
| | Lender/Creditor's Relationship to You |

| Date Liability Was Incurred<br>/  /<br>(mm/dd/yyyy) | Original Amount Owed<br>$ | Current Amount Owed<br>$ | Payment Schedule |

| Lender/Creditor's Name, Address, and Telephone No. | Nature of Debt (if the result of a court judgment or settlement, provide court name and docket number) |
| | |
| | Lender/Creditor's Relationship to You |

| Date Liability Was Incurred<br>/  /<br>(mm/dd/yyyy) | Original Amount Owed<br>$ | Current Amount Owed<br>$ | Payment Schedule |

## OTHER FINANCIAL INFORMATION

### Item 22. Trusts and Escrows

List all funds and other assets that are being held in trust or escrow by any person or entity for you, your spouse, or your dependents. Include any legal retainers being held on your behalf by legal counsel. Also list all funds or other assets that are being held in trust or escrow by you, your spouse, or your dependents, for any person or entity.

| Trustee or Escrow Agent's Name & Address | Date Established (mm/dd/yyyy) | Grantor | Beneficiaries | Present Market Value of Assets* |
|---|---|---|---|---|
| | /  / | | | $ |
| | /  / | | | $ |
| | /  / | | | $ |

*If the market value of any asset is unknown, describe the asset and state its cost, if you know it.

### Item 23. Transfers of Assets

List each person or entity to whom you have transferred, in the aggregate, more than $5,000 in funds or other assets during the previous five years by loan, gift, sale, or other transfer (exclude ordinary and necessary living and business expenses paid to unrelated third parties). For each such person or entity, state the total amount transferred during that period.

| Transferee's Name, Address, & Relationship | Property Transferred | Aggregate Value* | Transfer Date (mm/dd/yyyy) | Type of Transfer (e.g., Loan, Gift) |
|---|---|---|---|---|
| | | $ | /  / | |
| | | $ | /  / | |
| | | $ | /  / | |

*If the market value of any asset is unknown, describe the asset and state its cost, if you know it.

Initials: _____

## Item 24. Document Requests
Provide copies of the following documents with your completed Financial Statement.

| | |
|---|---|
| | Federal tax returns filed during the last three years by or on behalf of you, your spouse, or your dependents. |
| | All applications for bank loans or other extensions of credit (other than credit cards) that you, your spouse, or your dependents have submitted within the last two years, including by obtaining copies from lenders if necessary. |
| Item 9 | For each bank account listed in Item 9, all account statements for the past 3 years. |
| Item 11 | For each business entity listed in Item 11, provide (including by causing to be generated from accounting records) the most recent balance sheet, tax return, annual income statement, the most recent year-to-date income statement, and all general ledger files from account records. |
| Item 17 | All appraisals that have been prepared for any property listed in Item 17, including appraisals done for insurance purposes. You may exclude any category of property where the total appraised value of all property in that category is less than $2,000. |
| Item 18 | All appraisals that have been prepared for real property listed in Item 18. |
| Item 21 | Documentation for all debts listed in Item 21. |
| Item 24 | All executed documents for any trust or escrow listed in Item 22. Also provide any appraisals, including insurance appraisals that have been done for any assets held by any such trust or in any such escrow. |

## SUMMARY FINANCIAL SCHEDULES

### Item 25. Combined Balance Sheet for You, Your Spouse, and Your Dependents

| Assets | | Liabilities | |
|---|---|---|---|
| Cash on Hand (Item 9) | $ | Loans Against Publicly Traded Securities (Item 10) | $ |
| Funds Held in Financial Institutions (Item 9) | $ | Vehicles - Liens (Item 16) | $ |
| U.S. Government Securities (Item 10) | $ | Real Property – Encumbrances (Item 18) | $ |
| Publicly Traded Securities (Item 10) | $ | Credit Cards (Item 19) | $ |
| Non-Public Business and Financial Interests (Item 11) | $ | Taxes Payable (Item 20) | $ |
| Amounts Owed to You (Item 12) | $ | Amounts Owed by You (Item 21) | $ |
| Life Insurance Policies (Item 13) | $ | **Other Liabilities (Itemize)** | |
| Deferred Income Arrangements (Item 14) | $ | | $ |
| Vehicles (Item 16) | $ | | $ |
| Other Personal Property (Item 17) | $ | | $ |
| Real Property (Item 18) | $ | | $ |
| **Other Assets (Itemize)** | | | $ |
| | $ | | $ |
| | $ | | $ |
| | $ | | $ |
| **Total Assets** | $ | **Total Liabilities** | $ |

### Item 26. Combined Current Monthly Income and Expenses for You, Your Spouse, and Your Dependents
Provide the current monthly income and expenses for you, your spouse, and your dependents. Do not include credit card payments separately; rather, include credit card expenditures in the appropriate categories.

| Income (State source of each item) | | Expenses | |
|---|---|---|---|
| Salary - After Taxes<br>Source: | $ | Mortgage or Rental Payments for Residence(s) | $ |
| Fees, Commissions, and Royalties<br>Source: | $ | Property Taxes for Residence(s) | $ |
| Interest<br>Source: | $ | Rental Property Expenses, Including Mortgage Payments, Taxes, and Insurance | $ |
| Dividends and Capital Gains<br>Source: | $ | Car or Other Vehicle Lease or Loan Payments | $ |
| Gross Rental Income<br>Source: | $ | Food Expenses | $ |
| Profits from Sole Proprietorships<br>Source: | $ | Clothing Expenses | $ |
| Distributions from Partnerships, S-Corporations, and LLCs<br>Source: | $ | Utilities | $ |

Initials: _____

## Item 27. Combined Current Monthly Income and Expenses for You, Your Spouse, and Your Dependents (cont.)

| | | | |
|---|---|---|---|
| Distributions from Trusts and Estates Source: | $ | Medical Expenses, Including Insurance | $ |
| Distributions from Deferred Income Arrangements Source: | $ | Other Insurance Premiums | $ |
| Social Security Payments | $ | Other Transportation Expenses | $ |
| Alimony/Child Support Received | $ | **Other Expenses (Itemize)** | |
| Gambling Income | $ | | |
| **Other Income (Itemize)** | | | $ |
| | | | $ |
| | $ | | $ |
| | $ | | $ |
| | $ | | $ |
| **Total Income** | $ | **Total Expenses** | $ |

## ATTACHMENTS

### Item 28. Documents Attached to this Financial Statement
List all documents that are being submitted with this financial statement.

| Item No. Document Relates To | Description of Document |
|---|---|
| | |
| | |
| | |
| | |
| | |
| | |
| | |

I am submitting this financial statement with the understanding that it may affect action by the Federal Trade Commission or a federal court. I have used my best efforts to obtain the information requested in this statement. The responses I have provided to the items above are true and contain all the requested facts and information of which I have notice or knowledge. I have provided all requested documents in my custody, possession, or control. I know of the penalties for false statements under 18 U.S.C. § 1001, 18 U.S.C. § 1621, and 18 U.S.C. § 1623 (five years imprisonment and/or fines). I certify under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on:

_____
(Date)

_____
Signature

# ATTACHMENT B

# FEDERAL TRADE COMMISSION

## FINANCIAL STATEMENT OF CORPORATE DEFENDANT

**Instructions:**

1. Complete all items. Enter "None" or "N/A" ("Not Applicable") where appropriate. If you cannot fully answer a question, explain why.

2. The font size within each field will adjust automatically as you type to accommodate longer responses.

3. In completing this financial statement, "the corporation" refers not only to this corporation but also to each of its predecessors that are not named defendants in this action.

4. When an Item asks for information about assets or liabilities "held by the corporation," include ALL such assets and liabilities, located within the United States or elsewhere, held by the corporation or held by others for the benefit of the corporation.

5. Attach continuation pages as needed. On the financial statement, state next to the Item number that the Item is being continued. On the continuation page(s), identify the Item number being continued.

6. Type or print legibly.

7. An officer of the corporation must sign and date the completed financial statement on the last page and initial each page in the space provided in the lower right corner.


**Penalty for False Information:**

Federal law provides that any person may be imprisoned for not more than five years, fined, or both, if such person:

(1) "in any matter within the jurisdiction of any department or agency of the United States knowingly and willfully falsifies, conceals or covers up by any trick, scheme, or device a material fact, or makes any false, fictitious or fraudulent statements or representations, or makes or uses any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry" (18 U.S.C. § 1001);

(2) "in any . . . statement under penalty of perjury as permitted under section 1746 of title 28, United States Code, willfully subscribes as true any material matter which he does not believe to be true" (18 U.S.C. § 1621); or

(3) "in any (. . . statement under penalty of perjury as permitted under section 1746 of title 28, United States Code) in any proceeding before or ancillary to any court or grand jury of the United States knowingly makes any false material declaration or makes or uses any other information . . . knowing the same to contain any false material declaration." (18 U.S.C. § 1623)

For a felony conviction under the provisions cited above, federal law provides that the fine may be not more than the greater of (i) $250,000 for an individual or $500,000 for a corporation, or (ii) if the felony results in pecuniary gain to any person or pecuniary loss to any person other than the defendant, the greater of twice the gross gain or twice the gross loss. 18 U.S.C. § 3571.

# BACKGROUND INFORMATION

**Item 1.**      **General Information**

Corporation's Full Name _____

Primary Business Address _____ From (Date) _____

Telephone No. _____ Fax No. _____

E-Mail Address_____ Internet Home Page_____

All other current addresses & previous addresses for past five years, including post office boxes and mail drops:

Address_____ From/Until_____

Address_____ From/Until_____

Address_____ From/Until_____

All predecessor companies for past five years:

Name & Address _____ From/Until _____

Name & Address _____ From/Until _____

Name & Address _____ From/Until _____

**Item 2.**      **Legal Information**

Federal Taxpayer ID No. _____ State & Date of Incorporation _____

State Tax ID No. _____ State _____ Profit or Not For Profit _____

Corporation's Present Status:  Active _____ Inactive _____ Dissolved _____

If Dissolved:  Date dissolved _____ By Whom _____

Reasons _____

Fiscal Year-End (Mo./Day) _____ Corporation's Business Activities _____

**Item 3.**      **Registered Agent**

Name of Registered Agent _____

Address _____ Telephone No. _____

**Item 4.**     **Principal Stockholders**

List all persons and entities that own at least 5% of the corporation's stock.

<table>
<tr><th>Name &amp; Address</th><th>% Owned</th></tr>
<tr><td></td><td></td></tr>
<tr><td></td><td></td></tr>
<tr><td></td><td></td></tr>
<tr><td></td><td></td></tr>
</table>

**Item 5.**     **Board Members**

List all members of the corporation's Board of Directors.

<table>
<tr><th>Name &amp; Address</th><th>% Owned</th><th>Term (From/Until)</th></tr>
<tr><td></td><td></td><td></td></tr>
<tr><td></td><td></td><td></td></tr>
<tr><td></td><td></td><td></td></tr>
<tr><td></td><td></td><td></td></tr>
<tr><td></td><td></td><td></td></tr>
</table>

**Item 6.**     **Officers**

List all of the corporation's officers, including *de facto* officers (individuals with significant management responsibility whose titles do not reflect the nature of their positions).

<table>
<tr><th>Name &amp; Address</th><th>% Owned</th></tr>
<tr><td></td><td></td></tr>
<tr><td></td><td></td></tr>
<tr><td></td><td></td></tr>
<tr><td></td><td></td></tr>
<tr><td></td><td></td></tr>
</table>

Initials _____

**Item 7.**  **Businesses Related to the Corporation**

List all corporations, partnerships, and other business entities in which this corporation has an ownership interest.

| Name & Address | Business Activities | % Owned |
|---|---|---|
| | | |
| | | |
| | | |

State which of these businesses, if any, has ever transacted business with the corporation _____

_____

**Item 8.**  **Businesses Related to Individuals**

List all corporations, partnerships, and other business entities in which the corporation's principal stockholders, board members, or officers (i.e., the individuals listed in Items 4 - 6 above) have an ownership interest.

| Individual's Name | Business Name & Address | Business Activities | % Owned |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

State which of these businesses, if any, have ever transacted business with the corporation _____

_____

**Item 9.**  **Related Individuals**

List all related individuals with whom the corporation has had any business transactions during the three previous fiscal years and current fiscal year-to-date. A "related individual" is a spouse, sibling, parent, or child of the principal stockholders, board members, and officers (i.e., the individuals listed in Items 4 - 6 above).

| Name and Address | Relationship | Business Activities |
|---|---|---|
| | | |
| | | |
| | | |

Initials _____

**Item 10.**     **Outside Accountants**

List all outside accountants retained by the corporation during the last three years.

| Name | Firm Name | Address | CPA/PA? |
|------|-----------|---------|---------|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

**Item 11.**     **Corporation's Recordkeeping**

List all individuals within the corporation with responsibility for keeping the corporation's financial books and records for the last three years.

| Name, Address, & Telephone Number | Position(s) Held |
|-----------------------------------|------------------|
| | |
| | |
| | |
| | |

**Item 12.**     **Attorneys**

List all attorneys retained by the corporation during the last three years.

| Name | Firm Name | Address |
|------|-----------|---------|
| | | |
| | | |
| | | |
| | | |
| | | |

Initials _____

<u>Item 13.</u>     **Pending Lawsuits Filed by the Corporation**

List all pending lawsuits that have been filed by the corporation in court or before an administrative agency.  (List lawsuits that resulted in final judgments or settlements in favor of the corporation in Item 25).

Opposing Party's Name & Address _____

Court's Name & Address _____

Docket No. _____ Relief Requested _____ Nature of Lawsuit _____

_____ Status _____

Opposing Party's Name & Address _____

Court's Name & Address _____

Docket No. _____ Relief Requested _____ Nature of Lawsuit _____

_____ Status _____

Opposing Party's Name & Address _____

Court's Name & Address _____

Docket No. _____ Relief Requested _____ Nature of Lawsuit _____

_____ Status _____

Opposing Party's Name & Address _____

Court's Name & Address _____

Docket No. _____ Relief Requested _____ Nature of Lawsuit _____

_____ Status _____

Opposing Party's Name & Address _____

Court's Name & Address _____

Docket No. _____ Relief Requested _____ Nature of Lawsuit _____

_____ Status _____

Opposing Party's Name & Address _____

Court's Name & Address _____

Docket No. _____ Relief Requested _____ Nature of Lawsuit _____

_____ Status _____

Initials _____

<u>**Item 14.**</u>     **Current Lawsuits Filed Against the Corporation**

List all pending lawsuits that have been filed against the corporation in court or before an administrative agency.  (List lawsuits that resulted in final judgments, settlements, or orders in Items 26 - 27).

Opposing Party's Name & Address _____

Court's Name & Address _____

Docket No._____ Relief Requested _____ Nature of Lawsuit_____

_____ Status _____

Opposing Party's Name & Address _____

Court's Name & Address _____

Docket No._____ Relief Requested _____ Nature of Lawsuit_____

_____ Status _____

Opposing Party's Name & Address _____

Court's Name & Address _____

Docket No._____ Relief Requested _____ Nature of Lawsuit_____

_____ Status _____

Opposing Party's Name & Address _____

Court's Name & Address _____

Docket No._____ Relief Requested _____ Nature of Lawsuit_____

_____ Status _____

Opposing Party's Name & Address _____

Court's Name & Address _____

Docket No._____ Relief Requested _____ Nature of Lawsuit_____

_____ Status _____

Opposing Party's Name & Address _____

Court's Name & Address _____

Docket No._____ Relief Requested _____ Nature of Lawsuit_____

_____ Status _____

Initials _____

**Item 15.**     **Bankruptcy Information**

List all state insolvency and federal bankruptcy proceedings involving the corporation.

Commencement Date _____ Termination Date _____ Docket No. _____

If State Court: Court & County _____ If Federal Court: District _____

Disposition _____

**Item 16.**     **Safe Deposit Boxes**

List all safe deposit boxes, located within the United States or elsewhere, held by the corporation, or held by others for the benefit of the corporation. *On a separate page, describe the contents of each box.*

| Owner's Name | Name & Address of Depository Institution | Box No. |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

## FINANCIAL INFORMATION

**REMINDER:  When an Item asks for information about assets or liabilities "held by the corporation," include ALL such assets and liabilities, located within the United States or elsewhere, held by the corporation or held by others for the benefit of the corporation.**

**Item 17.**     **Tax Returns**

List all federal and state corporate tax returns filed for the last three complete fiscal years. *Attach copies of all returns.*

| Federal/ State/Both | Tax Year | Tax Due Federal | Tax Paid Federal | Tax Due State | Tax Paid State | Preparer's Name |
|---|---|---|---|---|---|---|
| _____ | _____ | $_____ | $_____ | $_____ | $_____ | _____ |
| _____ | _____ | $_____ | $_____ | $_____ | $_____ | _____ |
| _____ | _____ | $_____ | $_____ | $_____ | $_____ | _____ |

Initials _____

## Item 18.    Financial Statements

List all financial statements that were prepared for the corporation's last three complete fiscal years and for the current fiscal year-to-date. *Attach copies of all statements, providing audited statements if available.*

| Year | Balance Sheet | Profit & Loss Statement | Cash Flow Statement | Changes in Owner's Equity | Audited? |
|------|---------------|-------------------------|---------------------|---------------------------|----------|
|      |               |                         |                     |                           |          |
|      |               |                         |                     |                           |          |
|      |               |                         |                     |                           |          |
|      |               |                         |                     |                           |          |

## Item 19.    Financial Summary

For each of the last three complete fiscal years and for the current fiscal year-to-date for which the corporation has not provided a profit and loss statement in accordance with Item 18 above, provide the following summary financial information.

|  | Current Year-to-Date | 1 Year Ago | 2 Years Ago | 3 Years Ago |
|--|----------------------|------------|-------------|-------------|
| Gross Revenue | $ | $ | $ | $ |
| Expenses | $ | $ | $ | $ |
| Net Profit After Taxes | $ | $ | $ | $ |
| Payables | $ | | | |
| Receivables | $ | | | |

## Item 20.    Cash, Bank, and Money Market Accounts

List cash and all bank and money market accounts, including but not limited to, checking accounts, savings accounts, and certificates of deposit, held by the corporation. The term "cash" includes currency and uncashed checks.

Cash on Hand $_____ Cash Held for the Corporation's Benefit $_____

| Name & Address of Financial Institution | Signator(s) on Account | Account No. | Current Balance |
|-----------------------------------------|------------------------|-------------|-----------------|
|                                         |                        |             | $               |
|                                         |                        |             | $               |
|                                         |                        |             | $               |
|                                         |                        |             | $               |

Initials _____

## Item 21.      Government Obligations and Publicly Traded Securities

List all U.S. Government obligations, including but not limited to, savings bonds, treasury bills, or treasury notes, held by the corporation. Also list all publicly traded securities, including but not limited to, stocks, stock options, registered and bearer bonds, state and municipal bonds, and mutual funds, held by the corporation.

Issuer _____ Type of Security/Obligation _____

No. of Units Owned _____ Current Fair Market Value $_____ Maturity Date _____

Issuer _____ Type of Security/Obligation _____

No. of Units Owned _____ Current Fair Market Value $_____ Maturity Date _____

## Item 22.      Real Estate

List all real estate, including leaseholds in excess of five years, held by the corporation.

Type of Property_____ Property's Location_____

Name(s) on Title and Ownership Percentages_____

Current Value $_____ Loan or Account No. _____

Lender's Name and Address_____

Current Balance On First Mortgage $_____ Monthly Payment $_____

Other Loan(s) (describe)_____ Current Balance $_____

Monthly Payment $_____ Rental Unit?_____ Monthly Rent Received $_____


Type of Property_____ Property's Location_____

Name(s) on Title and Ownership Percentages_____

Current Value $_____ Loan or Account No. _____

Lender's Name and Address_____

Current Balance On First Mortgage $_____ Monthly Payment $_____

Other Loan(s) (describe)_____ Current Balance $_____

Monthly Payment $_____ Rental Unit?_____ Monthly Rent Received $_____

Initials _____

**Item 23.**     **Other Assets**

List all other property, by category, with an estimated value of $2,500 or more, held by the corporation, including but not limited to, inventory, machinery, equipment, furniture, vehicles, customer lists, computer software, patents, and other intellectual property.

| Property Category | Property Location | Acquisition Cost | Current Value |
|---|---|---|---|
| _____ | _____ | $_____ | $_____ |
| _____ | _____ | $_____ | $_____ |
| _____ | _____ | $_____ | $_____ |
| _____ | _____ | $_____ | $_____ |
| _____ | _____ | $_____ | $_____ |
| _____ | _____ | $_____ | $_____ |
| _____ | _____ | $_____ | $_____ |
| _____ | _____ | $_____ | $_____ |
| _____ | _____ | $_____ | $_____ |

**Item 24.**     **Trusts and Escrows**

List all persons and other entities holding funds or other assets that are in escrow or in trust for the corporation.

| Trustee or Escrow Agent's Name & Address | Description and Location of Assets | Present Market Value of Assets |
|---|---|---|
| _____ | _____ | $_____ |
| _____ | _____ | $_____ |
| _____ | _____ | $_____ |
| _____ | _____ | $_____ |
| _____ | _____ | $_____ |
| _____ | _____ | $_____ |
| _____ | _____ | $_____ |

**Item 25.**  **Monetary Judgments and Settlements Owed To the Corporation**

List all monetary judgments and settlements, recorded and unrecorded, owed to the corporation.

Opposing Party's Name & Address_____

Court's Name & Address_____ Docket No._____

Nature of Lawsuit_____ Date of Judgment_____ Amount $_____

Opposing Party's Name & Address_____

Court's Name & Address_____ Docket No._____

Nature of Lawsuit _____ Date of Judgment_____ Amount $_____


**Item 26.**  **Monetary Judgments and Settlements Owed By the Corporation**

List all monetary judgments and settlements, recorded and unrecorded, owed by the corporation.

Opposing Party's Name & Address_____

Court's Name & Address_____ Docket No._____

Nature of Lawsuit_____ Date_____ Amount $_____

Opposing Party's Name & Address_____

Court's Name & Address_____ Docket No._____

Nature of Lawsuit_____ Date of Judgment_____ Amount $_____

Opposing Party's Name & Address_____

Court's Name & Address_____ Docket No._____

Nature of Lawsuit_____ Date of Judgment_____ Amount $_____

Opposing Party's Name & Address_____

Court's Name & Address_____ Docket No._____

Nature of Lawsuit_____ Date of Judgment_____ Amount $_____

Opposing Party's Name & Address_____

Court's Name & Address_____ Docket No._____

Nature of Lawsuit_____ Date of Judgment_____ Amount $_____

Initials _____

**Item 27.**    **Government Orders and Settlements**

List all existing orders and settlements between the corporation and any federal or state government entities.

Name of Agency _____ Contact Person _____

Address _____ Telephone No. _____

Agreement Date _____ Nature of Agreement _____

**Item 28.**    **Credit Cards**

List all of the corporation's credit cards and store charge accounts and the individuals authorized to use them.

<u>Name of Credit Card or Store</u>                    <u>Names of Authorized Users and Positions Held</u>

_____        _____

_____        _____

_____        _____

_____        _____

_____        _____

**Item 29.**    **Compensation of Employees**

List all compensation and other benefits received from the corporation by the five most highly compensated employees, independent contractors, and consultants (other than those individuals listed in Items 5 and 6 above), for the two previous fiscal years and current fiscal year-to-date. "Compensation" includes, but is not limited to, salaries, commissions, consulting fees, bonuses, dividends, distributions, royalties, pensions, and profit sharing plans. "Other benefits" include, but are not limited to, loans, loan payments, rent, car payments, and insurance premiums, whether paid directly to the individuals, or paid to others on their behalf.

| <u>Name/Position</u> | <u>Current Fiscal Year-to-Date</u> | <u>1 Year Ago</u> | <u>2 Years Ago</u> | <u>Compensation or Type of Benefits</u> |
|---|---|---|---|---|
| _____ | $_____ | $_____ | $_____ | _____ |
| _____ | $_____ | $_____ | $_____ | _____ |
| _____ | $_____ | $_____ | $_____ | _____ |
| _____ | $_____ | $_____ | $_____ | _____ |
| _____ | $_____ | $_____ | $_____ | _____ |

**Item 30.**   **Compensation of Board Members and Officers**

List all compensation and other benefits received from the corporation by each person listed in Items 5 and 6, for the current fiscal year-to-date and the two previous fiscal years. "Compensation" includes, but is not limited to, salaries, commissions, consulting fees, dividends, distributions, royalties, pensions, and profit sharing plans. "Other benefits" include, but are not limited to, loans, loan payments, rent, car payments, and insurance premiums, whether paid directly to the individuals, or paid to others on their behalf.

| Name/Position | Current Fiscal Year-to-Date | 1 Year Ago | 2 Years Ago | Compensation or Type of Benefits |
|---|---|---|---|---|
| _____ | $_____ | $_____ | $_____ | _____ |
| _____ | $_____ | $_____ | $_____ | _____ |
| _____ | $_____ | $_____ | $_____ | _____ |
| _____ | $_____ | $_____ | $_____ | _____ |
| _____ | $_____ | $_____ | $_____ | _____ |
| _____ | $_____ | $_____ | $_____ | _____ |
| _____ | $_____ | $_____ | $_____ | _____ |
| _____ | $_____ | $_____ | $_____ | _____ |

**Item 31.**   **Transfers of Assets Including Cash and Property**

List all transfers of assets over $2,500 made by the corporation, other than in the ordinary course of business, during the previous three years, by loan, gift, sale, or other transfer.

| Transferee's Name, Address, & Relationship | Property Transferred | Aggregate Value | Transfer Date | Type of Transfer (e.g., Loan, Gift) |
|---|---|---|---|---|
| _____ | _____ | $_____ | _____ | _____ |
| _____ | _____ | $_____ | _____ | _____ |
| _____ | _____ | $_____ | _____ | _____ |
| _____ | _____ | $_____ | _____ | _____ |
| _____ | _____ | $_____ | _____ | _____ |

Initials _____

<u>**Item 32.**</u>     **Documents Attached to the Financial Statement**

List all documents that are being submitted with the financial statement.

| <u>Item No. Document<br>Relates To</u> | <u>Description of Document</u> |
| --- | --- |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

I am submitting this financial statement with the understanding that it may affect action by the Federal Trade Commission or a federal court. I have used my best efforts to obtain the information requested in this statement. The responses I have provided to the items above are true and contain all the requested facts and information of which I have notice or knowledge. I have provided all requested documents in my custody, possession, or control. I know of the penalties for false statements under 18 U.S.C. § 1001, 18 U.S.C. § 1621, and 18 U.S.C. § 1623 (five years imprisonment and/or fines). I certify under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on:

_____
(Date)

_____
Signature

_____
Corporate Position

# ATTACHMENT C

# CONSENT TO RELEASE FINANCIAL RECORDS

I, _____, of _____

_____ (City, State), do hereby direct any bank,

saving and loan association, credit union, depository institution, finance company, commercial

lending company, credit card processor, credit card processing entity, automated clearing house,

network transaction processor, bank debit processing entity, brokerage house, escrow agent,

money market or mutual fund, title company, commodity trading company, trustee, or person

that holds, controls, or maintains custody of assets, wherever located, that are owned or

controlled by me or at which there is an account of any kind upon which I am authorized to

draw, and its officers, employees, and agents, to disclose all information and deliver copies of all

documents of very nature in its possession or control which relate to the said accounts to any

attorney of the Federal Trade Commission, and to give evidence relevant thereto, in the matter of

the Federal Trade Commission v. Tatto, Inc., *et al.*, now pending in the United States District

Court of the Central District of California, and this shall be irrevocable authority for so doing.

This direction is intended to apply to the laws of countries other than the Unites States of

America which restrict or prohibit disclosure of bank or other financial information without the

consent of the holder of the account, and shall be construed as consent with respect hereto, and

the same shall apply to any of the accounts for which I may be a relevant principal.


Dated:_____     Signature:_____

                                    Printed Name:_____