UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>        Plaintiff,<br><br>        v.<br><br>TATTO, INC., *et al.*,<br><br>        Defendants. | Case No. 2:13-cv-08912-DSF-FFMx<br><br>**PRELIMINARY INJUNCTION** |

Plaintiff, Federal Trade Commission ("FTC"), commenced this civil action on December 4, 2013, pursuant to Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b).  On motion by the FTC, on December 5, 2013, this Court entered an *ex parte* temporary restraining order ("TRO") with asset freeze, appointment of a temporary receiver, and other equitable relief against Defendants Tatto, Inc., Bullroarer, Inc., Shaboom Media, LLC, Bune, LLC, Mobile Media Products, LLC, Chairman Ventures, LLC, Galactic Media, LLC, Virtus Media, LLC, Lin Miao, and Andrew Bachman (collectively "Defendants").

1

FINDINGS OF FACT

This Court, having considered the Complaint, the filings by the parties, and the oral arguments presented by counsel at the hearing that occurred on December 18, 2013, finds that:

1.      The Court has jurisdiction over the subject matter of the case, and there is good cause to believe it will have jurisdiction over all parties hereto;

2.      There is good cause to believe that venue lies properly with this Court;

3.      There is good cause to believe that Defendants have engaged in and are likely to engage in acts or practices that violate Section 5(a) of the FTC Act, 15 U.S.C. § 45(a) and that Plaintiff therefore is likely to prevail on the merits of this action;

4.      There is good cause to believe that consumers will suffer immediate and continuing harm unless Defendants are restrained and enjoined by Order of this Court;

5.      Weighing the equities and considering the FTC's likelihood of ultimate success, the entry of this preliminary injunction is in the public interest; and

6.      No security is required of any agency of the United States for issuance of a restraining order.  Fed. R. Civ. P. 65(c).

**DEFINITIONS**

For the purposes of this Order, the following definitions shall apply:

1.      **"Assets"** means any legal or equitable interest in, right to, or claim to, any and all real and personal property of Defendants, or held for the benefit of Defendants, wherever located, whether in the United States or abroad, including but not limited to chattel, goods, instruments, equipment, fixtures, general intangibles, effects, leaseholds, contracts, mail or other deliveries, inventory, checks, notes, accounts, credits, receivables (as those terms are defined in the

Uniform Commercial Code), shares of stock, futures, and all cash and currency, and trusts, including but not limited to any trust held for the benefit of any Defendant, any of the Individual Defendants' minor children, or any of the Individual Defendants' spouses, and shall include both existing assets and assets acquired after the date of entry of this Order.

2.    "**Corporate Defendants**" means Tatto, Inc., Bullroarer, Inc., Shaboom Media, LLC, Bune, LLC, Mobile Media Products, LLC, Chairman Ventures, LLC, Galactic Media, LLC, Virtus Media, LLC, and their d/b/a's, successors, and assigns.

3.    "**Defendants**" means all of the Individual Defendants and Corporate Defendants individually, collectively, or in any combination.

4.    **"Document"** and "**Electronically Stored Information"** are synonymous in meaning and equal in scope to the usage of the terms in Rule 34(a) of the Federal Rules of Civil Procedure and include but are not limited to:

    a.  The original or a true copy of any written, typed, printed, electronically stored, transcribed, taped, recorded, filmed, punched, or graphic matter or other data compilations of any kind, including, but not limited to, letters, email or other correspondence, messages, memoranda, interoffice communications, notes, reports, summaries, manuals, magnetic tapes or discs, tabulations, books, records, checks, invoices, work papers, journals, ledgers, statements, returns, reports, schedules, or files; and

    b.  Any electronically stored information stored on any server, Blackberrys or any type of mobile device, flash drives, personal digital assistants ("PDAs"), desktop personal computer and workstations, laptops, notebooks, and other portable computers, or other electronic storage media, whether assigned to individuals or in pools of computers available for shared use, or personally owned but

3

used for work-related purposes; backup disks and tapes, archive disks and tapes, and other forms of offline storage, whether stored onsite with the computer used to generate them, stored offsite in another company facility, or stored, hosted, or otherwise maintained offsite by a third-party; and computers and related offline storage used by Defendants or Defendants' participating associates, which may include persons who are not employees of the company or who do not work on company premises.

5.     "**Electronic Data Host**" means any person or entity in the business of storing, hosting, or otherwise maintaining electronically stored information.

6.     "**Financial Institution**" means any bank, savings and loan institution, credit union, or any financial depository of any kind, including, but not limited to, any brokerage house, trustee, broker-dealer, escrow agent, title company, commodity trading company, or precious metal dealer.

7.     "**Individual Defendants**" means Lin Miao and Andrew Bachman.

8.     "**Person**" means any individual, group, unincorporated association, limited or general partnership, corporation, or other business entity.

<u>**ORDER**</u>

**I.     PROHIBITED PRACTICES**

       **IT IS HEREBY ORDERED** that Defendants, directly or through any corporation, partnership, subsidiary, division, trade name, or other device, and their officers, agents, servants, employees, attorneys, and those persons or entities in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, are restrained and enjoined from placing or assisting others in placing any charge on a consumer's telephone bill, or from representing or assisting others in representing, directly or indirectly, expressly or by implication, that a consumer is obligated to pay any charge on a telephone bill, unless Defendants have obtained the consumer's express informed consent to the

4

charge and Defendants have made and maintained a record of the consent.

## II.   PROHIBITION REGARDING CONSUMER INFORMATION

**IT IS FURTHER ORDERED** that Defendants, directly or through any corporation, partnership, subsidiary, division, trade name, or other device, and their officers, agents, servants, employees, and attorneys, and those persons or entities in active concert or participation with them who receive actual notice of this Order by personal service otherwise, are restrained and enjoined from selling, transferring, or disclosing consumer information, including the name, address, telephone number, email address, social security number, other identifying information, or any other data that enables access to a consumer's account (including, but not limited to, a credit card, bank account, telephone billing account or other financial account), of any person or entity, which Defendants obtained prior to entry of this Order in connection with Defendants' services.

## III.   ASSET FREEZE

**IT IS FURTHER ORDERED** that Defendants and their officers, agents, servants, employees, and attorneys, and all other persons or entities in active concert or participation with any of them who receive actual notice of this Order by personal service or otherwise, each are hereby restrained and enjoined from directly or indirectly:

A.   Selling, liquidating, assigning, transferring, converting, loaning, hypothecating, disbursing, gifting, conveying, encumbering, pledging, concealing, dissipating, spending, withdrawing, granting a lien or security interest or other interest in, or otherwise disposing of any funds, real or personal property, contracts, consumer lists or other assets or any interest therein, wherever located, including any assets outside the territorial United States that are:

1.   In the actual or constructive possession of any Defendant;

2.   Owned or controlled by, or held, in whole or in part for the benefit of, or subject to access by, or belonging to, any Defendant; or

5

3.      In the actual or constructive possession of, or owned or controlled by, or subject to access by, or belong to, any corporation, partnership, trust or other entity directly or indirectly owned, managed, or under the control of any Defendant;

B.      Opening, or causing to be opened, any safe deposit boxes titled in the name of or subject to access by any Defendant;

C.      Incurring charges on any credit card, stored value card, debit card, or charge card issued in the name, singly or jointly, of any Defendant or any other entity directly or indirectly owned, managed, or controlled by any Defendant;

D.      Obtaining a personal or secured loan; and

E.      Cashing any checks from consumers, clients, or customers of any Defendant.

F.      *Provided that* anything to the contrary in this Section and Section IV, below, notwithstanding, for the Be Great Entities[1], Defendant Miao may use business revenue from the Be Great Entities and any funds obtained from third-party investors for reasonable expenses necessary to the continued operation of the Be Great Entities.  Such expenses shall not include any salary or other payments to Defendant Miao.  Upon request by either the FTC or the Receiver, Defendant Miao shall provide a full accounting of all such revenue and expenses.

G.      *Further provided that* this Section and Section IV, below, shall not apply to the following:

1.      The account held at Bank of America in the name of "Be Great Partners, LLC" and ending in xxxx7811;

2.      The account held at Bank of America in the name of "Lin Miao" and ending in xxxx5339; and

3.      The account held at Citizens Bank in the name of "Andrew Bachman"

---

[1] The "Be Great Entities" shall mean the following: Be Great, LLC; Be Great Events, LLC; Be Great Sponsorships, LLC; Be Great Labs, LLC; Be Great Brain, LLC; Be Great Partners, LLC (including its manager, Be Great Partners Management, LLC); Be Great Partners Fund II, LLC; Scambook, LLC; Hexum.com, LLC; and Kively, LLC.

and ending in xxxx4761.

**IT IS FURTHER ORDERED** that the funds, property, and assets affected by this Section shall include (a) all assets of each Defendant as of the time this Order is entered, and (b) those assets obtained or received after entry of this Order that are derived from the actions alleged in Plaintiff's Complaint.

**IV.   RETENTION OF ASSETS AND DOCUMENTS BY THIRD PARTIES**

**IT IS FURTHER ORDERED** that any financial or brokerage institution, business entity, electronic data host, or person served with a copy of this Order that holds, controls, or maintains custody of any account, document, electronically stored information, or asset of, on behalf of, in the name of, for the benefit of, subject to withdrawal by, subject to access or use by, or under the signatory power of any Defendant or other party subject to Section III above, or has held, controlled, or maintained any such account, document, electronically stored information, or asset, shall:

A.     Hold, preserve, and retain within such entity's or person's control, and prohibit the withdrawal, removal, alteration, assignment, transfer, pledge, hypothecation, encumbrance, disbursement, dissipation, conversion, sale, liquidation, or other disposal of such account, document, electronically stored information, or asset held by or under such entity's or person's control, except as directed by further order of the Court, or as directed in writing by the Receiver, as defined in Section IX, regarding accounts, documents, or assets held in the name of or benefit of Corporate Defendants;

B.     Provide the Receiver or the Receiver's agents access to electronically stored information stored, hosted, or otherwise maintained on behalf of Corporate Defendants for forensic imaging;

C.     Deny access to any safe deposit boxes that are either titled in the name, individually or jointly, or subject to access by, any Defendant or other party subject to Section III above;

D.      Provide to counsel for the FTC and the Receiver, within five (5) business days, a sworn statement setting forth:

1.      The identification of each account or asset titled in the name, individually or jointly, or held on behalf of or for the benefit of, subject to withdrawal by, subject to access or use by, or under the signatory power of any Defendant or other party subject to Section III above, whether in whole or in part;

2.      The balance of each such account, or a description of the nature and value of such asset, as of the close of business on the day on which this Order is served;

3.      The identification of any safe deposit box that is either titled in the name of, individually or jointly, or is otherwise subject to access or control by, any Defendant other party subject to Section III above, whether in whole or in part; and

4.      If the account, safe deposit box, or other asset has been closed or removed, the date closed or removed, the balance on said date, and the name or the person or entity to whom such account or other asset was remitted;

E.      Provide counsel for the FTC and the Receiver, within three (3) business days after being served with a request, copies of all documents pertaining to such account or asset, including but not limited to originals or copies of account applications, account statements, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, all other debit and credit instruments or slips, currency transaction reports, 1099 forms, and safe deposit box logs; provided that such institution or custodian may charge a reasonable fee; and

F.      Cooperate with all reasonable requests of the Receiver relating to this Order's implementation.

G.      *Provided*, that a financial institution does not have to provide the information required in this section if (1) the financial institution has complied with the similar provision set forth in the TRO; and (2) the information provided

has not changed.

**IT IS FURTHER ORDERED** that the funds, property, and assets affected by this Order shall include: (a) all assets of each Defendant as of the date this Order is entered, and (b) those assets obtained after entry of this Order that are obtained from any of the activities alleged in the Complaint that predate the entry of this Order.

## V.   FINANCIAL STATEMENTS AND ACCOUNTING

**IT IS FURTHER ORDERED** that each Defendant, within three (3) business days of service of this Order, shall prepare and deliver to counsel for the FTC:

A.   For each Individual Defendant, a completed financial statement accurate as of the date of service of this Order upon such Defendant (unless otherwise agreed upon with FTC counsel) in the form of Attachment A to this Order captioned "Financial Statement for Individual Defendant."

B.   For each Corporate Defendant, a completed financial statement accurate as of the date of service of this Order upon such Defendant (unless otherwise agreed upon with FTC counsel) in the form of Attachment B to this Order captioned "Financial Statement for Business Entity Defendant."

C.   For each Defendant, a completed statement, verified under oath, of all payments, transfers or assignments of funds, assets, or property worth $1,000 or more since January 1, 2011.  Such statement shall include:  (a) the amount transferred or assigned; (b) the name of each transferee or assignee; (c) the date of the transfer or assignment; and (d) the type and amount of consideration paid the Defendant.  Each statement shall specify the name and address of each financial institution and brokerage firm at which the Defendant has accounts or safe deposit boxes.  Said statements shall include assets held in foreign as well as domestic accounts.

D.   *Provided*, that any Defendant does not have to provide such financial

reports or statement if (1) that Defendant has complied with the similar provision set forth in the TRO; and (2) the information provided has not changed.

## VI.   CONSUMER CREDIT REPORTS

**IT IS FURTHER ORDERED** that pursuant to Section 604(1) of the Fair Credit Reporting Act, 15 U.S.C. § 1681b(1), any consumer reporting agency may furnish to the FTC a consumer report concerning any Defendant.

## VII.   REPATRIATION OF FOREIGN ASSETS

**IT IS FURTHER ORDERED** that, within five (5) business days following the service of this Order, each Defendant shall:

A.   Provide counsel for the FTC and the Receiver with a full accounting of all assets, accounts, funds, and documents outside of the territory of the United States that are held either:  (1) by the Defendant; (2) for the Defendant's benefit; (3) in trust by or for the Defendant, individually or jointly; or (4) under the Defendant's direct or indirect control, individually or jointly;

B.   Transfer to the territory of the United States all assets, accounts, funds, and documents in foreign countries held either: (1) by the Defendant; (2) for the Defendant's benefit; (3) in trust by or for the Defendant, individually or jointly; or (4) under the Defendant's direct or indirect control, individually or jointly;

C.   Hold and retain all repatriated assets, accounts, funds, and documents, and prevent any transfer, disposition, or dissipation whatsoever of any such assets, accounts, funds, or documents except as by this Order; and

D.   Provide the FTC access to all records of accounts or assets of the Defendant held by financial institutions located outside the territorial United States by signing the Consent to Release of Financial Records attached to this Order at Attachment C.

E.   *Provided*, that the Defendants do not have to provide such financial reports if (1) they have complied with the similar provision set forth in the TRO; and (2) the information provided has not changed.

10

## VIII. NONINTERFERENCE WITH REPATRIATION

**IT IS FURTHER ORDERED** that the Defendants are hereby restrained and enjoined from taking any action, directly or indirectly, that may result in the encumbrance or dissipation of foreign assets, or in the hindrance of the repatriation required by the preceding Section VII of this Order, including, but not limited to:

A.      Sending any statement, letter, fax, email or wire transmission, or telephoning or engaging in any other act, directly or indirectly, that results in a determination by a foreign trustee or other entity that a "duress" event has occurred under the terms of a foreign trust agreement until such time that all assets have been fully repatriated pursuant to Section VII of this Order; or

B.      Notifying any trustee, protector, or other agent of any foreign trust or other related entities of either the existence of this Order, or of the fact that repatriation is required pursuant to a court order, until such time that all assets have been fully repatriated pursuant to Section VII of this Order.

## IX. CONTINUATION OF RECEIVERSHIP

**IT IS FURTHER ORDERED** that Thomas W. McNamara shall continue to serve as Receiver for the business activities of Corporate Defendants with the full power of an equity receiver.  The Receiver shall be the agent of this Court and solely the agent of this Court in acting as Receiver under this Order.  The Receiver shall be accountable directly to this Court.  The Receiver shall comply with any laws and Local Rules of this Court governing receivers.

## X. DUTIES OF RECEIVER

**IT IS FURTHER ORDERED** that the Receiver is directed and authorized to accomplish the following:

A.      Assume full control of Corporate Defendants by removing, as the Receiver deems necessary or advisable, any director, officer, independent contractor, employee, or agent of any Corporate Defendant, including any named Defendant, from control of, management of, or participation in, the affairs of

11

Corporate Defendant;

B.     Take exclusive custody, control, and possession of all assets, documents, and electronically stored information of, or in the possession, custody, or under the control of, Corporate Defendants, wherever situated.  The Receiver shall have full power to divert mail and to sue for, collect, receive, take in possession, hold, and manage all assets and documents of Corporate Defendants and other persons or entities whose interests are now held by or under the direction, possession, custody, or control of Corporate Defendants.  Provided, however, that the Receiver shall not attempt to collect or receive any amount from a consumer if the Receiver believes the consumer was a victim of the unlawful conduct alleged in the complaint in this matter;

C.     Take all steps necessary to secure the business premises of Corporate Defendants.  Such steps may include, but are not limited to, the following, as the Receiver deems necessary or advisable:

1.     Serving and filing this Order;

2.     Completing a written inventory of all assets of Corporate Defendants;

3.     Obtaining pertinent information from all employees and other agents of Corporate Defendant, including, but not limited to, the name, home address, social security number, job description, method of compensation, and all accrued and unpaid commissions and compensation of each such employee or agent, and all computer hardware and software passwords;

4.     Videotaping all portions of the location;

5.     Securing the location by changing the locks and disconnecting any computer modems or other means of access to the computer or other records maintained at that location;

6.     Requiring any persons present on the premises at the time this Order is served to leave the premises, to provide the Receiver with proof of

12

identification, or to demonstrate to the satisfaction of the Receiver that such persons are not removing from the premises documents or assets of Corporate Defendants; and

       7.    Requiring all employees, independent contractors, and consultants of Corporate Defendants to complete a Questionnaire submitted by the Receiver;

D.    Conserve, hold, and manage all assets of Corporate Defendants, and perform all acts necessary or advisable to preserve the value of those assets, in order to prevent any irreparable loss, damage, or injury to consumers or to creditors of Corporate Defendants, including, but not limited to, obtaining an accounting of the assets and preventing transfer, withdrawal, or misapplication of assets;

E.    Enter into contracts and purchase insurance as the Receiver deems to be advisable or necessary;

F.    Prevent the inequitable distribution of assets and determine, adjust, and protect the interests of consumers and creditors who have transacted business with Corporate Defendants;

G.    Manage and administer the business of Corporate Defendants until further order of this Court by performing all incidental acts that the Receiver deems to be advisable or necessary, which includes retaining, hiring, or dismissing any employees, independent contractors, or agents;

H.    Choose, engage, and employ attorneys, accountants, appraisers, and other independent contractors and technical specialists, as the Receiver deems advisable or necessary in the performance of duties and responsibilities under the authority granted by this Order;

I.    Make payments and disbursements from the Receivership estate that are necessary or advisable for carrying out the directions of, or exercising the authority granted by, this Order.  The Receiver shall apply to the Court for prior

approval of any payment of any debt or obligation incurred by Corporate Defendants prior to the date of entry of this Order, except payments that the Receiver deems necessary or advisable to secure assets of Corporate Defendants, such as rental payments;

J.      Determine and implement the manner in which Corporate Defendants will comply with, and prevent violations of, this Order and all other applicable laws, including, but not limited to, obtaining consumers' express agreement to the placement of charges on the consumers' telephone bills prior to billing consumers and making and maintain records of the agreement.  Such verification may include contacting Corporate Defendants' existing consumers, via text message or otherwise, to determine whether such consumers (a) authorized such billing, and (b) agree to continue such billing.

K.      Institute, compromise, adjust, appear in, intervene in, or become party to such actions or proceedings in state, federal, or foreign courts that the Receiver deems necessary and advisable to preserve or recover the assets of Corporate Defendants, or that the Receiver deems necessary and advisable to carry out the Receiver's mandate under this Order;

L.      Defend, compromise, adjust, or otherwise dispose of any or all actions or proceedings instituted in the past or in the future against the Receiver in his role as Receiver, or against Corporate Defendants, that the Receiver deems necessary and advisable to preserve the assets of Corporate Defendants or that the Receiver deems necessary and advisable to carry out the Receiver's mandate under this Order;

M.      Continue and conduct the business of Corporate Defendants in such manner, to such extent, and for such duration as the Receiver may in good faith deem to be necessary or appropriate to operate the business profitably and lawfully, if at all; provided, however, that the continuation and conduct of the business shall be conditioned upon the Receiver's good faith determination that the

businesses can be lawfully operated at a profit using the assets of the receivership estate;

N.  Take depositions and issue subpoenas to obtain documents and records pertaining to the receivership estate and compliance with this Order. Subpoenas may be served by agents or attorneys of the Receiver and by agents of any process server retained by the Receiver;

O.  Open one or more bank accounts in the Central District of California as designated depositories for funds of Corporate Defendants.  The Receiver shall deposit all funds of Corporate Defendants in such a designated account and shall make all payments and disbursements from the receivership estate from such account(s);

P.  Maintain accurate records of all receipts and expenditures that he makes as Receiver;

Q.  Upon request by any party, make available to that party within three calendar days copies of any documents obtained pursuant to the Receivership;

R.  Cooperate with reasonable requests for information or assistance from any state or federal law enforcement agency.

**IT IS FURTHER ORDERED** that the Receiver will be responsible for maintaining the chain of custody of all of Corporate Defendants' records in his possession, pursuant to procedures to be established in writing with the approval of the FTC.

## XI.  COOPERATION WITH RECEIVER

**IT IS FURTHER ORDERED** that:

A.  Defendants, and their officers, agents, directors, servants, employees, salespersons, independent contractors, attorneys, corporations, subsidiaries, affiliates, successors, and assigns, all other persons or entities in active concert or participation with them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary,

division, or other device, or any of them, shall fully cooperate with and assist the Receiver.  Defendants' cooperation and assistance shall include, but not be limited to:

1.   Providing any information to the Receiver that the Receiver deems necessary to exercising the authority and discharging the responsibilities of the Receiver under this Order, including but not limited to allowing the Receiver to inspect documents and assets and to partition office space;

2.   Providing any password and executing any documents required to access any computer or electronic files in any medium, including but not limited to electronically stored information stored, hosted or otherwise maintained by an electronic data host; and

3.   Advising all persons who owe money to the Corporate Defendants that all debts should be paid directly to the Receiver.

B.   Defendants and their officers, directors, agents, servants, employees, attorneys, successors, assigns, and all other persons or entities directly or indirectly, in whole or in part, under their control, and all other persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, are hereby restrained and enjoined from directly or indirectly:

1.   Transacting any of the business of the Corporate Defendants;

2.   Destroying, secreting, erasing, mutilating, defacing, concealing, altering, transferring or otherwise disposing of, in any manner, directly or indirectly, any documents, electronically stored information, or equipment of Corporate Defendants, including but not limited to contracts, agreements, consumer files, consumer lists, consumer addresses and telephone numbers, correspondence, advertisements, brochures, sales material, sales presentations, documents evidencing or referring to Corporate Defendants' services, debt collection training materials, debt collection scripts, data, computer tapes, disks, or

other computerized records, books, written or printed records, handwritten notes, telephone or SMS logs, web logs, "verification" or "compliance" tapes or other audio or video tape recordings, receipt books, invoices, postal receipts, ledgers, personal and business canceled checks and check registers, bank statements, appointment books, copies of federal, state or local business or personal income or property tax returns, photographs, mobile devices, electronic storage media, accessories, and any other documents, records or equipment of any kind that relate to the business practices or finances of Corporate Defendants or any other entity directly or indirectly under the control of Corporate Defendants;

3.     Transferring, receiving, altering, selling, encumbering, pledging, assigning, liquidating, or otherwise disposing of any assets owned, controlled, or in the possession or custody of, or in which an interest is held or claimed by, the Corporate Defendants, or the Receiver;

4.     Excusing debts owed to the Corporate Defendants;

5.     Failing to notify the Receiver of any asset, including accounts, of Corporate Defendants held in any name other than the name of any Corporate Defendant, or by any person or entity other than any Corporate Defendant, or failing to provide any assistance or information requested by the Receiver in connection with obtaining possession, custody, or control of such assets;

6.     Failing to create and maintain books, records, and accounts which, in reasonable detail, accurately, fairly, and completely reflect the incomes, assets, disbursements, transactions and use of monies by the Corporate Defendant or any other entity directly or indirectly under the control of the Corporate Defendant;

7.     Doing any act or refraining from any act whatsoever to interfere with the Receiver's taking custody, control, possession, or managing of the assets or documents subject to this Receivership; or to harass or to interfere with the Receiver in any way; or to interfere in any manner with the exclusive jurisdiction

of this Court over the assets or documents of Corporate Defendants; or to refuse to cooperate with the Receiver or the Receiver's duly authorized agents in the exercise of their duties or authority under any Order of this Court; and

8.      Filing, or causing to be filed, any petition on behalf of any Corporate Defendant for relief under the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq.*, without prior permission from this Court.

## XII.   DELIVERY OF RECEIVERSHIP PROPERTY

**IT IS FURTHER ORDERED** that immediately upon service of this Order upon them or upon their otherwise obtaining actual knowledge of this Order, or within a period permitted by the Receiver, Defendants and their officers, agents, servants, employees, and attorneys, and all other persons or entities in active concert or participation with any of them who receive actual notice of this Order by personal service or otherwise shall transfer or deliver access to, possession, custody, and control of the following to the Receiver:

A.      All assets of Corporate Defendants;

B.      All documents and electronically stored information of Corporate Defendants, including, but not limited to, books and records of accounts, all financial and accounting records, balance sheets, income statements, bank records (including monthly statements, canceled checks, records of wire transfers, records of ACH transactions, and check registers), client or customer lists, title documents and other papers;

C.      All assets belonging to members of the public now held by Corporate Defendants;

D.      All keys, computer and other passwords, entry codes, combinations to locks required to open or gain or secure access to any assets or documents of Corporate Defendants, wherever located, including, but not limited to, access to their business premises, means of communication, accounts, computer systems, or other property; and

E.      Information identifying the accounts, employees, properties, or other assets or obligations of Corporate Defendants.

**IT IS FURTHER ORDERED** that, in the event any person or entity fails to deliver or transfer immediately any asset or otherwise fails to comply with any provision of this Section, the Receiver may file *ex parte* with the Court an Affidavit of Non-Compliance regarding the failure.  Upon filing of the affidavit, the Court may authorize, without additional process or demand, Writs of Possession or Sequestration or other equitable writs requested by the Receiver. The writs shall authorize and direct the United States Marshal or any sheriff or deputy sheriff of any county (pursuant to Fed. R. Civ. P. 4(c)(1)) to seize the asset, document, or other thing and to deliver it to the Receiver.

## XIII.  COMPENSATION FOR RECEIVER

**IT IS FURTHER ORDERED** that the Receiver and all personnel hired by the Receiver as herein authorized, including counsel to the Receiver and accountants, are entitled to reasonable compensation for the performance of duties pursuant to this Order, and for the cost of actual out-of-pocket expenses incurred by them, from the assets now held by or in the possession or control of, or which may be received by, the Corporate Defendants.  The Receiver shall file with the Court and serve on the parties periodic requests for the payment of such reasonable compensation, with the first such request filed no more than sixty (60) days after the date of this Order.  The Receiver shall not increase the hourly rates used as the bases for such fee applications without prior approval of the Court.

## XIV.  RECEIVER'S REPORTS

**IT IS FURTHER ORDERED** that the Receiver shall periodically report to this Court, regarding:  (1) the steps taken by the Receiver to implement the terms of this Order; (2) the value of all liquidated and unliquidated assets of Corporate Defendants; (3) the sum of all liabilities of Corporate Defendants; (4) the steps the Receiver intends to take in the future to:  (a) prevent any diminution in the value of

assets of Corporate Defendants, (b) pursue receivership assets from third parties, and (c) adjust the liabilities of Corporate Defendants, if appropriate; (5) the Receiver's assessment of whether the business can be operated in compliance with this Order; and (6) any other matters which the Receiver believes should be brought to the Court's attention. *Provided, however*, if any of the required information would hinder the Receiver's ability to pursue receivership assets, the portions of the Receiver's report containing such information may be filed under seal and not served on the parties.

## XV.  RECEIVER'S BOND

**IT IS FURTHER ORDERED** that the bond in the sum of $5,000 previously filed by the Receiver with the Clerk of this Court shall remain in effect, conditioned that the Receiver will well and truly perform the duties of the office and abide by and perform all acts the Court directs.

## XVI.  STAY OF ACTIONS

**IT IS FURTHER ORDERED** that except by leave of this Court, during pendency of the Receivership ordered herein, Defendants and all customers, principals, investors, creditors, stockholders, lessors, and other persons seeking to establish or enforce any claim, right, or interest against or on behalf of Corporate Defendants, and all others acting for or on behalf of such persons, including attorneys, trustees, agents, sheriffs, constables, marshals, and other officers and their deputies, and their respective attorneys, servants, agents, and employees shall be and are hereby stayed from:

A.   Commencing, prosecuting, continuing, entering, or enforcing any suit or proceeding, except that such actions may be filed to toll any applicable statute of limitations;

B.   Accelerating the due date of any obligation or claimed obligation; filing or enforcing any lien; taking or attempting to take possession, custody, or control of any asset; attempting to foreclose, forfeit, alter, or terminate any interest

in any asset, whether such acts are part of a judicial proceeding, are acts of self-help, or otherwise;

   C. Executing, issuing, serving, or causing the execution, issuance or service of, any legal process, including, but not limited to, attachments, garnishments, subpoenas, writs of replevin, writs of execution, or any other form of process whether specified in this Order or not; or

   D. Doing any act or thing whatsoever to interfere with the Receiver taking custody, control, possession, or management of the assets or documents subject to this Receivership, or to harass or interfere with the Receiver in any way, or to interfere in any manner with the exclusive jurisdiction of this Court over the assets or documents of Corporate Defendants;

   E. This Section does not stay:

     1. The commencement or continuation of a criminal action or proceeding;

     2. The commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power;

     3. The enforcement of a judgment, other than a money judgment, obtained in an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power; or

     4. The issuance to any Corporate Defendant of a notice of tax deficiency; and

   F. Except as otherwise provided in this Order, all persons and entities in need of documentation from the Receiver shall in all instances first attempt to secure such information by submitting a formal written request to the Receiver, and, if such request has not been responded to within thirty (30) days of receipt by the Receiver, any such person or entity may thereafter seek an Order of this Court with regard to the relief requested.

## XVII.  PRESERVATION OF RECORDS AND TANGIBLE THINGS

**IT IS FURTHER ORDERED** that Defendants, directly or through any corporation, partnership, subsidiary, division, trade name, or other device, and their officers, agents, servants, employees, and attorneys, and those persons or entities in active concert or participation with them who receive actual notice of this Order by personal service otherwise, are enjoined from destroying, erasing, mutilating, concealing, altering transferring, or otherwise disposing of, in any manner, directly or indirectly, any documents or records that relate to the business practices, or business or personal finances, of Defendants, or an entity directly or indirectly under the control of Defendants.

## XVIII.      DEFENDANTS' DUTY TO DISTRIBUTE ORDER

**IT IS FURTHER ORDERED** that Defendants shall immediately provide a copy of this Order to each affiliate, subsidiary, division, sales entity, successor, assign, officer, director, employee, independent contractor, client company, electronic data host, agent, attorney, spouse, and representative of Defendants and shall, within three (3) calendar days from the date of entry of this Order, provide counsel for the FTC with a sworn statement that:  (1) confirms that Defendants have provided copies of the Order as required by this Section and (2) lists the names and addresses of each entity or person to whom Defendants provided a copy of the Order.  Furthermore, Defendants shall not take any action that would encourage officers, agents, directors, employees, salespersons, independent contractors, attorneys, subsidiaries, affiliates, successors, assigns, or other persons or entities in active concert or participation with Defendants to disregard this Order.

## XIX.  SERVICE OF THIS ORDER

**IT IS FURTHER ORDERED** that copies of this Order may be served by any means, including facsimile transmission, email, personal or overnight delivery, or U.S. Mail, by agents and employees of the FTC or any state or federal law

enforcement agency or by private process server, upon any financial institution or other entity or person that may have possession, custody, or control of any documents or assets of any Defendant, or that may otherwise be subject to any provision of this Order.  Service upon any branch or office of any financial institution shall effect service upon the entire financial institution.

## XX.   SERVICE UPON THE COMMISSION

**IT IS FURTHER ORDERED**, with regard to any correspondence or pleadings related to this Order, that service on the Commission's counsel shall be performed by commercial overnight mail delivery, facsimile, or email to the attention of: Jane Ricci, Division of Financial Practices, Federal Trade Commission, 600 Pennsylvania Ave., NW, Mailstop NJ-3158, Washington, DC, 20580, jricci@ftc.gov, (202) 326-3629 (fax).

## XXI.  RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for all purposes.

SO ORDERED this  6th day of January at 4:00 p.m.

_____

DALE S. FISCHER
UNITED STATES DISTRICT JUDGE