1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>    Plaintiff,<br><br>    v.<br><br>TATTO, INC., *et al.*,<br><br>    Defendants. | Case No. 2:13-cv-08912-DSF-FFMx<br>**STIPULATED ORDER FOR PERMANENT INJUNCTION AND MONETARY JUDGMENT AGAINST DEFENDANTS TATTO, INC., SHABOOM MEDIA, LLC, BUNE, LLC, MOBILE MEDIA PRODUCTS, LLC, CHAIRMAN VENTURES, LLC, GALACTIC MEDIA, LLC, VIRTUS MEDIA, LLC, AND LIN MIAO** |

Plaintiff, the Federal Trade Commission ("Commission" or "FTC"), filed its Complaint for Permanent Injunction and Other Equitable Relief ("Complaint") in this matter, pursuant to Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b).  The Commission and Defendants Tatto, Inc., Shaboom Media, LLC, Bune, LLC, Mobile Media Products, LLC, Chairman Ventures, LLC, Galactic Media, LLC, Virtus Media, LLC, and Lin Miao now stipulate to the entry of this Order for Permanent Injunction and Monetary Judgment ("Order") to resolve all matters in dispute in this action between them.

THEREFORE, IT IS ORDERED as follows:

### FINDINGS

1.    This Court has jurisdiction over this matter.

2.    The Complaint charges that Defendants participated in deceptive and unfair acts or practices in violation of Section 5 of the FTC Act, 15 U.S.C. § 45, in a scheme to place unauthorized charges on consumers' mobile phone bills, a practice

1    known as "cramming."

2    3.     Settling Defendants, as defined below, neither admit nor deny any of the

3    allegations in the Complaint, except as specifically stated in this Order.  Only for

4    purposes of this action, Settling Defendants admit the facts necessary to establish

5    jurisdiction.

6    4.     Settling Defendants waive any claim that they may have under the Equal

7    Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action

8    through the date of this Order, and agree to bear their own costs and attorney fees.

9    5.     This Order reflects the negotiated agreement of the parties.  The

10    Commission and the Settling Defendants have agreed that entry of this Order

11    settles and resolves all matters of dispute between them arising from the conduct

12    alleged in the Commission's Complaint as of the date of entry of this Order.

13    6.     Settling Defendants and the Commission waive all rights to appeal or

14    otherwise challenge or contest the validity of this Order.

15                      **DEFINITIONS**

16        For the purpose of this Order, the following definitions apply:

17    1.     **"Settling Corporate Defendants"** means Tatto, Inc., also d/b/a

18    WinBigBidLow and Tatto Media, Shaboom Media, LLC, Bune, LLC, Mobile

19    Media Products, LLC, Chairman Ventures, LLC, Galactic Media, LLC, Virtus

20    Media, LLC, and their successors and assigns.

21    2.     **"Settling Individual Defendant"** means Lin Miao.

22    3.     "**Defendants**" means all of the Defendants in this matter, individually,

23    collectively, or in any combination.

24    4.     **"Liquidator"** means the Liquidator Receiver, Thomas W. McNamara.

25    5.     **"Person"** means any individual, group, unincorporated association, limited

26    or general partnership, corporation, or other business entity.

27    6.     **"Preliminary Injunction"** means the Preliminary Injunction entered on

28    January 6, 2014, as amended by the Order Granting Limited Relief From The

Asset Freeze entered on January 21, 2014.

7.    **"Settling Defendants"** means Settling Corporate Defendants and Settling Individual Defendant, individually, collectively, or in any combination.

## ORDER

### I.    BAN ON PLACING CHARGES ON TELEPHONE BILLS

IT IS ORDERED that Settling Defendants are permanently restrained and enjoined from billing, submitting for billing, or assisting or facilitating the billing or submitting for billing, charges to any telephone bill, including but not limited to a bill for any voice, text, or data service.

### II.    INJUNCTION AGAINST MISREPRESENTATIONS

IT IS FURTHER ORDERED that, in connection with the advertising, marketing, promotion, offering for sale, sale, or distribution of any product or service, Settling Defendants, Settling Defendants' officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are permanently restrained and enjoined from making, or assisting others in making, expressly or by implication, any false or misleading material representation, including representations concerning the cost, performance, efficacy, nature, characteristics, benefits, or safety of any product or service, or concerning any consumer's obligation to pay for charges for any product or service.

### III.    INJUNCTION AGAINST UNFAIR BILLING PRACTICES

IT IS FURTHER ORDERED that, in connection with the advertising, marketing, promotion, offering for sale, sale, or distribution of any product or service, Settling Defendants, Settling Defendants' officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly

or indirectly, are permanently restrained and enjoined from causing any consumer to be billed for any product or service without having previously obtained the consumer's express informed consent, and having created and maintained a record of such consent.

## IV.    MONETARY JUDGMENT AND PARTIAL SUSPENSION

IT IS FURTHER ORDERED that:

A.    Judgment in the amount of One Hundred Fifty Million, One Hundred Fifty Three Thousand, Two Hundred Eighty-Three Dollars ($150,153,283) is entered in favor of the Commission against Settling Defendants, jointly and severally.

B.    Settling Defendants are ordered to pay to the Commission as follows:

1.    Effective upon the entry of this Order, Settling Defendants must surrender to the Commission all control, title, dominion, and interest in the following assets (collectively, the "Frozen Assets"):

a.    Bank of America account number xxxx5342, held in the name of Settling Individual Defendant, excluding the sum of $5,000;

b.    Bank of America account number xxxx8038, held in the name of Settling Individual Defendant;

c.    The net proceeds of Merrill Lynch account number xxxx8331, held in the name of Settling Individual Defendant, after payment of the loan against the account;

d.    Merrill Lynch account number xxxx3367, held in the name of Settling Individual Defendant;

e.    Bank of America account number xxxx5115 in the name of Tatto, Inc.;

f.    Bank of America account number xxxx4049 in the name of Tatto, Inc.;

g.    Bank of America account number xxxx3667 in the name of Tatto, Inc.;

h.   Bank of America account number xxxx4859 in the name of Tatto, Inc.;

i.   Bank of America account number xxxx1738 in the name of Tatto, Inc.;

j.   Bank of America account number xxxx8491 in the name of Tatto, Inc.;

k.   Bank of America account number xxxx4723 in the name of Be Great Labs, LLC;

l.   Bank of America account number xxxx3459 in the name of Kively.com, LLC;

m.   Bank of America account number xxxx4827 in the name of Hexum.com, LLC; and

n.   Bank of America account number xxxx0617 in the name of Be Great Partners Fund II, LLC;

2.   The surrender value of the Mass Mutual life insurance policies in the name of Settling Individual Defendant, ending in policy numbers xxxx8104 and xxxx9817.

3.   To effect the surrender of the Frozen Assets, the Court directs that the entities holding the funds or their successors shall, immediately upon receiving notice of this Order, remit the funds to the Commission by certified check(s) or other guaranteed funds payable to the Federal Trade Commission, Financial Management Office, or by wire transfer in accordance with directions provided by counsel for the Commission.  To the extent any identified third party cannot comply with this Subsection without the assistance of Settling Defendants, such party must, within three (3) business days of receiving this Order, notify such Defendant(s) and counsel for the Commission of its inability to comply.  Such notification shall specify the actions by such Defendant(s) that are necessary to comply with

this Order.  Settling Defendants shall immediately complete any action necessary to facilitate the identified third party's ability to timely comply with this Subsection, and the failure of such Defendant(s) to complete such action within ten (10) days shall be deemed a violation of the Order and interest at the rate prescribed in 28 U.S.C. § 1961 shall immediately begin to accrue.

C. As partial satisfaction of the judgment set forth in Subparagraph A, Settling Individual Defendant shall transfer possession of the following real properties (collectively the "Real Properties") to the Liquidator Receiver ("Liquidator"), identified below:

1. Within sixty days of the date of entry of this Order, 6600 Colgate Avenue, Los Angeles, CA;

2. Within thirty days of the date of entry of this Order, 200 North Dearborn 3201, Chicago, IL;

3. Within thirty days of the date of entry of this Order, 200 North Dearborn 3202, Chicago, IL;

4. Within sixty days of the date of entry of this Order, 9508 Gloaming Drive, Beverly Hills, CA; and

5. Within thirty days of the date of entry of this Order, 327 East 25th St. #1 West, Chicago, IL.

D. Within thirty days of the date of entry of this Order, as partial satisfaction of the judgment set forth in Subsection IV.A, Settling Individual Defendant shall transfer possession of the following personal property (collectively the "Personal Properties") to the Liquidator:

1. Miao Partners, LLC and all of its holdings, including but not limited to:

a. Its interest in Skinny Bikini Swimwear, LLC;

b.     Its interest in Bloc Priya Avatar I, LLC;

c.     Its interest in Bloc DT 1, LLC;

2.    2013 Mercedes G63 SUV;

3.    2014 Range Rover HSE SUV;

4.    2011 Audi R8 Sedan;

5.    2009 Bentley GT Sedan;

6.    The following jewelry items identified in Attachment 4 to Settling Individual Defendant's sworn financial statement, dated 1/20/14:

a.     Man's Patek Philippe Watches (3);

b.     Woman's Tiffany Watch;

c.     Man's 175th Anniversary Tiffany / Patek Phillip Watch;

d.     Tiffany 10 Carat Yellow Diamond Ring;

e.     Tiffany 8 Carat White Diamond Ring;

f.     Tiffany 6 Carat Total Weight Earrings;

g.     Tiffany Bracelet;

h.     Tiffany Necklace; and

i.     Tiffany Diamond Bracelet.

*Provided that*, in lieu of turning over the 2013 Mercedes G63 SUV, the 2014 Range Rover HSE SUV, or the 2011 Audi R8 Sedan to the Liquidator, Settling Individual Defendant may surrender any or all of the vehicles to the secured creditor for such vehicle's financing.  Any proceeds from such surrender shall be paid immediately to the Liquidator.

E.    Prior to transferring possession of the Real Properties and the Personal Properties (collectively the "Properties") to the Liquidator, Settling Individual Defendant shall: manage and maintain the Properties, including any structures, fixtures, and appurtenances thereto, in good working order and in the same condition as of January 20, 2014, which is the date Settling Individual Defendant

signed his sworn financial statement, and shall take no action to diminish their value; remain current on all amounts due and payable on the Properties, including but not limited to tax, insurance, homeowner's assessments, reasonable and necessary maintenance, and similar fees; cause existing insurance coverage for the properties to remain in force until the transfer of possession.

F.      Settling Individual Defendant shall cooperate fully with the Liquidator and take such other steps as the Liquidator may require to transfer to the Liquidator possession of the Properties and to assist in final liquidation of the Properties, including executing any documents, procuring the signatures of any person or entity under his control, providing access to the Properties, providing any necessary information, and turning over the Properties.  Except as set forth in Subsection IV.E of this Order, the costs and expenses of transferring the Properties shall be paid by the Liquidatorship.

G.      Upon completion of all obligations under Subsections IV.B through IV.F, above, including all payments and asset transfers, the remainder of the judgment is suspended, subject to Subsections IV.H, IV.I, and IV.J, below.

H.      The Commission's agreement to partial suspension of the judgment is expressly premised upon the truthfulness, accuracy, and completeness of Settling Defendants' sworn financial statements and related documents (collectively, "Financial Representations") submitted to the Commission, namely:

      1.      the Financial Statement of Lin Miao signed on January 20, 2014, including the attachments;

      2.      the Financial Statement of Corporate Defendant Tatto, Inc., signed by Settling Individual Defendant, as Chief Executive Officer, on January 20, 2014, including the attachments;

      3.      the Financial Statement of Corporate Defendant Shaboom Media, LLC, signed by Settling Individual Defendant, as Member, on April 10, 2014, including the attachments;

4.    the Financial Statement of Corporate Defendant Bune, LLC, signed by Settling Individual Defendant, as Member, on February 18, 2014, including the attachments;

5.    the Financial Statement of Corporate Defendant Mobile Media Products, LLC, signed by Settling Individual Defendant, as Manager, on December 13, 2013, including the attachments;

6.    the Financial Statement of Corporate Defendant Chairman Ventures, LLC, signed by Settling Individual Defendant, as Manager, on December 13, 2013, including the attachments;

7.    the Financial Statement of Corporate Defendant Galactic Media, LLC, signed by Settling Individual Defendant, as Manager, on December 13, 2013, including the attachments;

8.    the Financial Statement of Corporate Defendant Virtus Media, LLC, signed by Settling Individual Defendant, as Manager, on December 13, 2013, including the attachments;

9.    the Declaration of Kelly Mi Li dated March 3, 2014;

10.   the Declaration of Lin Miao dated February 26, 2014; and

11.   the Declaration of Lin Miao dated March 12, 2014.

I.    The suspension of the judgment will be lifted as to any Settling Defendant if, upon motion by the Commission, the Court finds that such Settling Defendant failed to disclose any material asset, materially misstated the value of any asset, or made any other material misstatement or omission in the financial representations identified above.

J.    If the suspension of the judgment is lifted, the judgment becomes immediately due as to that Settling Defendant in the amount specified in Subsection IV.A, above, (which the parties stipulate only for purposes of this Section IV represents the consumer injury alleged in the Complaint), less any payment previously made pursuant to this Section IV, plus interest computed from

the date of entry of this Order.

## V.   APPOINTMENT AND DUTIES OF LIQUIDATOR RECEIVER

IT IS FURTHER ORDERED THAT Thomas W. McNamara, the Permanent Receiver in this matter, is appointed as Liquidator, with all the rights and powers of an equity receiver, over the Properties listed in Subsections IV.C and IV.D.

A.     As soon as reasonably possible, the Liquidator shall, at reasonable cost and in a commercially reasonable fashion, liquidate the Properties.  Counsel for the Commission shall approve the final sale price of each of the Properties.

B.     Upon Settling Individual Defendant's transfer of possession, the Liquidator shall assume responsibility for management and maintenance of the Properties, including but not limited to making disbursements for operating expenses as may be appropriate, undertaking repairs, procuring appropriate insurance or modifying existing insurance, making payment for all amounts due and payable on the Properties, including but not limited to taxes, insurance, homeowner's assessments, reasonable and necessary maintenance, and similar fees, and making payments for and taking any other actions necessary to efficiently manage the Properties and to maintain their value.

C.     The Liquidator shall have all necessary powers to manage and maintain the Properties, including without limitation the following powers and responsibilities:

1.     To take possession of the Properties;

2.     To employ such counsel, real estate agents, auctioneers, appraisers, accountants, contractors, other professionals, and other such persons as may be necessary in order to carry out his duties as Liquidator and to preserve, maintain, and protect the Properties;

3.     To determine or abrogate, in the Liquidator's sole sound business discretion, any and all agreements, contracts, understandings or commitments entered into by Settling Individual Defendant with

respect to the Properties to the extent permitted by law;

4.     To open new accounts with, or negotiate, compromise or otherwise modify Settling Individual Defendant's existing obligations to third parties, including utility companies, secured creditors, other service providers or suppliers of goods and services related to the Properties, and to otherwise enter into such agreements, contracts, or understandings with such third parties as are necessary to maintain, preserve, and protect the Properties;

5.     To open new bank accounts with respect to the Liquidator's management and operation of the Properties; and

6.     To rent the Real Properties to third parties or Settling Individual Defendant, until the Real Properties are sold.

D.     The Liquidator shall keep a true and accurate account of any and all receipts and expenditures and periodically file with the Court a Liquidatorship Report under oath, accurately identifying all such revenues received and expenditures made, including adequately detailed information concerning income, expenses, payables and receivables.  These periodic filings shall be served by the Liquidator on the Commission and Settling Individual Defendant's counsel.

E.     Upon liquidating the jewelry listed in Subsection IV.D.6, the Liquidator shall pay off the Tiffany Co. loan owed by Settling Individual Defendant on the jewelry listed in Subsection IV.D.6.

F.     Any and all sums collected by the Liquidator over and above those necessary to manage and maintain the Properties or those necessary to make payments authorized by this Order shall be paid to the Commission.

G.     The Liquidator is entitled to reasonable compensation for the performance of duties pursuant to this Order and for the cost of actual out-of-pocket expenses incurred by him.  The Liquidator's compensation and the compensation of any persons hired by him are to be paid solely from the proceeds of the sale of the

Properties, and such payments shall have priority over all other distributions except for any transfer fees, recording fees, or other payments owed through the transfer of the Properties at the time of their sale.  The Liquidator shall file with the Court and serve on the Commission and Settling Individual Defendant periodic requests for the payment of such reasonable compensation.  The Liquidator shall not increase the fees or rates used as the bases for such fee applications without prior approval of the Court.

H.      The Liquidator shall file his final application for fees, complete liquidation, and terminate his service within 12 months of the execution of this Order unless good cause is shown to extend beyond 12 months.

I.      Upon the final transfer of all funds to the Commission pursuant to this Section, the duties of the Liquidator shall terminate.

J.      The powers and duties of the Liquidator under this Order are in addition to, and not in lieu of, his powers and duties as the Court-appointed Receiver in this matter.  Nothing in Subsections IV or V of this Order shall be construed to, nor does, limit the powers and duties of Receiver as set forth in the prior Orders of this Court in this litigation, which powers and duties shall continue until the termination of the entire Receivership in this litigation.  Further, nothing in this Order limits the obligations of any Defendant or third party to cooperate with the Receiver as set forth in the Court's prior Orders until termination of the entire Receivership.

## VI.    ADDITIONAL MONETARY PROVISIONS

        IT IS FURTHER ORDERED that:

A.      Settling Defendants relinquish dominion and all legal and equitable right, title, and interest in all assets transferred pursuant to this Order and may not seek the return of any assets.

B.      The facts alleged in the Complaint will be taken as true, without further proof, in any subsequent civil litigation by or on behalf of the Commission,

including in a proceeding to enforce its rights to any payment or monetary judgment pursuant to this Order, such as a nondischargeability complaint in any bankruptcy case.

C.    The facts alleged in the Complaint establish all elements necessary to sustain an action by the Commission pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and this Order will have collateral estoppel effect for such purposes.

D.    Settling Defendants acknowledge that their Taxpayer Identification Numbers (Social Security Numbers or Employer Identification Numbers), which Settling Defendants previously submitted to the Commission, may be used for collecting and reporting on any delinquent amount arising out of this Order, in accordance with 31 U.S.C. § 7701.

E.    All money paid to the Commission pursuant to this Order may be deposited into a fund administered by the Commission or its designee to be used for equitable relief, including consumer redress and any attendant expenses for the administration of any redress fund.  If a representative of the Commission decides that direct redress to consumers is wholly or partially impracticable or money remains after redress is completed, the Commission may apply any remaining money for such other equitable relief (including consumer information remedies) as it determines to be reasonably related to Defendants' practices alleged in the Complaint.  Any money not used for such equitable relief is to be deposited to the U.S. Treasury as disgorgement.  Settling Defendants have no right to challenge any actions the Commission or its representatives may take pursuant to this Subsection.

**VII.   MODIFICATION OF ASSET FREEZE**

    IT IS FURTHER ORDERED that the Preliminary Injunction's freeze of Settling Defendants' assets shall remain in effect until the assets have been transferred in accordance with Subsections IV.B, IV.C, and IV.D.  Provided, however, that the asset freeze may be lifted as to the Settling Defendants to the

extent necessary to comply with the transfer and turnover requirements of Subsections IV.C and IV.D.  Upon completion of the transfer and turnover requirements of Section IV, the asset freeze is dissolved.

## VIII.   CUSTOMER INFORMATION

IT IS FURTHER ORDERED that Settling Defendants, Settling Defendants' officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly are permanently restrained and enjoined from directly or indirectly:

A.     Failing to provide sufficient customer information to enable the Commission to efficiently administer consumer redress.  If a representative of the Commission requests in writing any information related to redress, Settling Defendants must provide it, in the form prescribed by the Commission, within 14 days.

B.     Disclosing, using, or benefitting from customer information, including the name, address, telephone number, email address, social security number, other identifying information, or any data that enables access to a customer's account (including a credit card, bank account, telephone company account, or other financial account), that any Defendant obtained prior to entry of this Order in connection with the placement of charges on consumers' phone bills; and

C.     Failing to destroy such customer information in all forms in their possession, custody, or control within 30 days after receipt of written direction to do so from a representative of the Commission.

*Provided, however*, that customer information need not be disposed of, and may be disclosed, to the extent requested by a government agency or required by law, regulation, or court order.

## IX.   COOPERATION

IT IS FURTHER ORDERED that Settling Defendants must fully cooperate with representatives of the Commission in this case and in any investigation related

to or associated with the transactions or the occurrences that are the subject of the Complaint.  Settling Defendants must provide truthful and complete information, evidence, and testimony.  Settling Individual Defendant must appear and Settling Corporate Defendants must cause their officers, employees, representatives, or agents to appear for interviews, discovery, hearings, trials, and any other proceedings that a Commission representative may reasonably request upon 5 days written notice, or other reasonable notice, at such places and times as a Commission representative may designate, without the service of a subpoena.

## X.   CONTINUATION OF RECEIVERSHIP

IT IS FURTHER ORDERED that Thomas W. McNamara shall continue as permanent receiver over the Settling Corporate Defendants with full powers of a permanent receiver, including but not limited to those powers set forth in the Preliminary Injunction, and including full liquidation powers.  The Receiver is directed to wind down the Settling Corporate Defendants and liquidate, for fair market value, any assets of the Settling Corporate Defendants that the Receiver obtained pursuant to the Preliminary Injunction as well as any other assets of the receivership.  The Receiver must complete all remaining actions in regard to the Receivership over the Settling Corporate Defendants and terminate the receivership over them within 180 days after entry of this Order.  Provided, however, that any party or the Receiver may request that the Court extend that Receiver's term for good cause.  Upon termination of the receivership, and final payment to the Receiver of all approved fees, costs, and expenses, the Receiver shall turn over to the FTC or its designated agent all remaining assets in the receivership estate.

## XI.   ORDER ACKNOWLEDGMENTS

IT IS FURTHER ORDERED that Settling Defendants obtain acknowledgments of receipt of this Order as follows:

A.   Each Settling Defendant, within 7 days of entry of this Order, must submit to

the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

B.     For 5 years after entry of this Order, Settling Individual Defendant, for any business that such Defendant, individually or collectively with any other Defendants, is the majority owner or controls directly or indirectly, and each Settling Corporate Defendant must deliver a copy of this Order to:  (1) all principals, officers, directors, and LLC managers and members; (2) all employees, agents, and representatives who participate in billing charges to consumers; and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting.  Delivery must occur within 7 days of entry of this Order for current personnel.  For all others, delivery must occur before they assume their responsibilities.

C.     From each individual or entity to which a Settling Defendant delivered a copy of this Order, that Settling Defendant must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

## XII.   COMPLIANCE REPORTING

IT IS FURTHER ORDERED that Settling Defendants make timely submissions to the Commission:

A.     One year after entry of this Order, each Settling Defendant must submit a compliance report, sworn under penalty of perjury:

1.     Each Settling Defendant must:  (a) identify the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of the Commission may use to communicate with Settling Defendant; (b) identify all of that Settling Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses; (c) describe the activities of each business, including the goods and services offered, the means of advertising, marketing, and sales, and the involvement of any other Defendant (which

Settling Individual Defendant must describe if he knows or should know due to his own involvement); (d) describe in detail whether and how that Settling Defendant is in compliance with each Section of this Order; and (e) provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the Commission.

2.      Additionally, Settling Individual Defendant must:  (a) identify all telephone numbers and all physical, postal, email and Internet addresses, including all residences; (b) identify all business activities, including any business for which he performs services whether as an employee or otherwise and any entity in which he has any ownership interest; and (c) describe in detail his involvement in each such business, including title, role, responsibilities, participation, authority, control, and any ownership.

B.      For 15 years after entry of this Order, each Settling Defendant must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following:

1.      Each Settling Defendant must report any change in:  (a) any designated point of contact; or (b) the structure of any Settling Corporate Defendant or any entity that Settling Defendant has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including:  creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

2.      Additionally, Settling Individual Defendant must report any change in:  (a) name, including aliases or fictitious name, or residence address; or (b) title or role in any business activity, including any business for which he performs services whether as an employee or otherwise and any entity in which he has any ownership interest, and identify the name, physical address, and any Internet address of the business or entity.

C.     Each Settling Defendant must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against such Defendant within 14 days of its filing.

D.     Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding:  "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on: _____" and supplying the date, signatory's full name, title (if applicable), and signature.

E.     Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to: Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC  20580.  The subject line must begin:  *FTC v. Tatto, Inc., et al.*

## XIII.   RECORDKEEPING

IT IS FURTHER ORDERED that Settling Defendants must create certain records for 15 years after entry of the Order, and retain each such record for 5 years.  Specifically, each Settling Corporate Defendant and Settling Individual Defendant for any business that such Defendant, individually or collectively with any other Defendants, is the majority owner or controls directly or indirectly, must create and retain the following records:

A.     Accounting records showing the revenues from all goods or services sold;

B.     Personnel records showing, for each person providing services, whether as an employee or otherwise, that person's:  name; addresses; telephone numbers; job title or position; dates of service; and (if applicable) the reason for termination;

C.     Records of all consumer complaints and refund requests, whether received directly or indirectly, such as through a third party, and any response;

D.      All records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Commission; and

E.      All records of any consumer's authorization to be billed or charged for any of Settling Defendants' goods or services.

## XIV.   COMPLIANCE MONITORING

IT IS FURTHER ORDERED that, for the purpose of monitoring Settling Defendants' compliance with this Order, including the financial representations upon which part of the judgment was suspended and any failure to transfer any assets as required by this Order:

A.      Within 14 days of receipt of a written request from a representative of the Commission, each Settling Defendant must: submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying.  The Commission is also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

B.       For matters concerning this Order, the Commission is authorized to communicate directly with each Settling Defendant.  Settling Defendants must permit representatives of the Commission to interview any employee or other person affiliated with any Defendant who has agreed to such an interview.  The person interviewed may have counsel present.

C.      The Commission may use all other lawful means, including posing, through its representatives as consumers, suppliers, or other individuals or entities, to Settling Defendants or any individual or entity affiliated with Settling Defendants, without the necessity of identification or prior notice.  Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

**XV.   RETENTION OF JURISDICTION**

IT IS FURTHER ORDERED that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

**SO ORDERED this  11th day of June, 2014**

_____

DALE S. FISCHER

UNITED STATES DISTRICT JUDGE