UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>  Plaintiff,<br><br>  v.<br><br>TATTO, INC., *et al.*,<br><br>  Defendants. | Case No. 2:13-cv-08912-DSF-FFMx<br><br>**STIPULATED ORDER FOR PERMANENT INJUNCTION AND MONETARY JUDGMENT AGAINST DEFENDANT ANDREW BACHMAN** |

Plaintiff, the Federal Trade Commission ("Commission" or "FTC"), filed its Complaint for Permanent Injunction and Other Equitable Relief ("Complaint") in this matter, pursuant to Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b).  The Commission and Defendant Andrew Bachman now stipulate to the entry of this Order for Permanent Injunction and Monetary Judgment ("Order") to resolve all matters in dispute in this action between them.

THEREFORE, IT IS ORDERED as follows:

**FINDINGS**

1. This Court has jurisdiction over this matter.

2. The Complaint charges that Defendants participated in deceptive and unfair acts or practices in violation of Section 5 of the FTC Act, 15 U.S.C. § 45, in a scheme to place unauthorized charges on consumers' mobile phone bills, a practice known as "cramming."

3. Settling Defendant, as defined below, neither admits nor denies any of the

allegations in the Complaint, except as specifically stated in this Order. Only for purposes of this action, Settling Defendant admits the facts necessary to establish jurisdiction.

4. Settling Defendant waives any claim that he may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order, and agrees to bear his own costs and attorney fees.

5. Settling Defendant and the Commission waive all rights to appeal or otherwise challenge or contest the validity of this Order.

## DEFINITIONS

For the purpose of this Order, the following definitions apply:

1. **"Settling Defendant"** means Andrew Bachman.

2. "**Defendants**" means Tatto, Inc., also d/b/a WinBigBidLow and Tatto Media, Shaboom Media, LLC, Bune, LLC, Mobile Media Products, LLC, Chairman Ventures, LLC, Galactic Media, LLC, Virtus Media, LLC, Bullroarer, Inc., Lin Miao, and Andrew Bachman, individually, collectively, or in any combination.

3. **"Person"** means any individual, group, unincorporated association, limited or general partnership, corporation, or other business entity.

4. **"Preliminary Injunction"** means the Preliminary Injunction entered on January 6, 2014, as amended by the Order Granting Limited Relief From The Asset Freeze entered on January 21, 2014 and the Order Granting Limited Relief From the Asset Freeze entered on February 25, 2014.

## ORDER

**I. BAN ON PLACING CHARGES ON TELEPHONE BILLS**

IT IS ORDERED that Settling Defendant is permanently restrained and enjoined from billing, submitting for billing, or assisting or facilitating the billing or submitting for billing, charges to any telephone bill, including but not limited to a bill for any voice, text, or data service.

## II.   INJUNCTION AGAINST MISREPRESENTATIONS

IT IS FURTHER ORDERED that, in connection with the advertising, marketing, promotion, offering for sale, sale, or distribution of any product or service, Settling Defendant, Settling Defendant's officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are permanently restrained and enjoined from making, or assisting others in making, expressly or by implication, any false or misleading material representation, including representations concerning the cost, performance, efficacy, nature, characteristics, benefits, or safety of any product or service, or concerning any consumer's obligation to pay for charges for any product or service.

## III.   INJUNCTION AGAINST UNFAIR BILLING PRACTICES

IT IS FURTHER ORDERED that, in connection with the advertising, marketing, promotion, offering for sale, sale, or distribution of any product or service, Settling Defendant, Settling Defendant's officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are permanently restrained and enjoined from causing any consumer to be billed for any product or service without having previously obtained the consumer's express informed consent, and having created and maintained a record of such consent.

## IV.   MONETARY JUDGMENT AND PARTIAL SUSPENSION

IT IS FURTHER ORDERED that:

A.   Judgment in the amount of Ninety Seven Million, Ninety Thousand, Three Hundred Fifty One Dollars ($97,090,351) is entered in favor of the Commission against Settling Defendant.

B.   Settling Defendant is ordered to pay to the Commission as follows:

1.   Effective upon the entry of this Order, Settling Defendant must surrender to the Commission all control, title, dominion, and interest in the following assets (collectively, the "Frozen Assets"):

   a.   Citizens Bank account number xxxx9028, held in the name of Settling Defendant, excluding $4,500;

   b.   Citizens Bank account number xxxx5964, held in the name of ARB Group, LLC;

   c.   Citizens account number xxxx7709, held in the name of ARB Group, LLC;

   d.   Citizens Bank account number xxxx1726, held in the name of ARB Group, LLC;

2.   To effect the surrender of the Frozen Assets, the Court directs that the entities holding the funds or their successors shall, immediately upon receiving notice of this Order, remit the funds to the Commission by certified check(s) or other guaranteed funds payable to the Federal Trade Commission, Financial Management Office, or by wire transfer in accordance with directions provided by counsel for the Commission.  To the extent any identified third party cannot comply with this Subsection without the assistance of Settling Defendant, such party must, within three (3) business days of receiving this Order, notify Settling Defendant and counsel for the Commission of its inability to comply.  Such notification shall specify the actions by Settling Defendant that are necessary to comply with this Order.  Settling Defendant shall immediately complete any action necessary to facilitate the identified third party's ability to timely comply with this Subsection, and the failure of Settling Defendant to complete such action within ten (10) days shall be deemed a violation of the Order and

   interest at the rate prescribed in 28 U.S.C. § 1961 shall immediately begin to accrue.

C.  Effective upon entry of this Order, Settling Defendant must surrender all interest in the personal properties listed below and transfer possession of the personal properties to the Receiver in this action:

  1.  2012 Ferrari 458 italia;
  2.  2012 Mercedes SUV G550;
  3.  All shares owned by Settling Defendant in Game Plan Holdings, Inc.;
  4.  All shares owned by Settling Defendant in Pet Flow, LLC;
  5.  All shares owned by Settling Defendant in Seva Search, Inc.;
  6.  All shares owned by Settling Defendant in LeagueNation, LLC;
  7.  The following jewelry items identified in Settling Individual Defendant's sworn financial statement, dated December 11, 2013, including the attachments and the addendum dated May 29, 2014:

    a.  Audemars Piguet Watches (2);
    b.  Audemars Piguet Survivor Watch;
    c.  Patek Philippe Watch;
    d.  Rolex Daytona Watch;
    e.  Rolex Presidential Watch;
    f.  Rolex Submariner Watch; and
    g.  Rolex Yachtmaster Watch.

D.  Within ninety days of the date of entry of this Order, the Receiver must sell all of the assets listed in Subsection IV.C for fair market value and file any reasonable request for compensation that is to be paid out of these assets. Within seven business days of the sale of all of these assets, the Receiver shall transfer to the Internal Revenue Service ("IRS") from the net sales proceeds equal to $50,000, as partial payment of Settling Defendant's federal tax liability; provided, further,

1 that if for any reason and at any time, the IRS rejects, refunds, or otherwise returns
2 to Settling Defendant, in whole or in part, the payment contemplated by this
3 subsection, then within five days of receipt of such refund or return from the IRS,
4 Settling Defendant shall transfer the returned funds to the FTC or its designated
5 agent.  Within fourteen business days of the sale of all of these assets, or the
6 Court's disposition of a request for reasonable compensation, whichever is later,
7 the Receiver shall remit the remaining proceeds of the sale to the Commission by
8 electronic fund transfer in accordance with instructions previously provided by a
9 representative of the Commission;
10 E.     Settling Defendant shall cooperate fully with the Receiver and take such
11 steps as the Receiver may require to transfer to the Receiver possession of the
12 assets listed in Subsection IV.C and to assist in final liquidation of the assets,
13 including executing any documents, procuring the signatures of any person or
14 entity under his control, providing access to the assets, providing any necessary
15 information, and turning over the assets.
16 F.     Upon completion of all obligations under Subsections IV.B, IV.C, and IV.E,
17 above, including all payments and asset transfers, the remainder of the judgment is
18 suspended, subject to Subsections IV.G, IV.H, and IV.I, below.
19 G.     The Commission's agreement to partial suspension of the judgment is
20 expressly premised upon the truthfulness, accuracy, and completeness of the sworn
21 Financial Statement of Andrew Bachman dated December 11, 2013, including the
22 attachments and the addendum dated May 29, 2014.
23 H.     The suspension of the judgment will be lifted as to Settling Defendant if,
24 upon motion by the Commission, the Court finds that Settling Defendant failed to
25 disclose any material asset, materially misstated the value of any asset, or made
26 any other material misstatement or omission in the financial representations
27 identified above.
28 I.     If the suspension of the judgment is lifted, the judgment becomes

immediately due as to Settling Defendant in the amount specified in Subsection IV.A, above, (which the parties stipulate, only for purposes of this Section IV, represents the consumer injury alleged in the Complaint), less any payment previously made pursuant to this Section IV, plus interest computed from the date of entry of this Order.

## V. ADDITIONAL MONETARY PROVISIONS

IT IS FURTHER ORDERED that:

A. Settling Defendant relinquishes dominion and all legal and equitable right, title, and interest in all assets transferred pursuant to this Order and may not seek the return of any assets.

B. The facts alleged in the Complaint will be taken as true, without further proof, in any subsequent civil litigation by or on behalf of the Commission, including in a proceeding to enforce its rights to any payment or monetary judgment pursuant to this Order, such as a nondischargeability complaint in any bankruptcy case.

C. The facts alleged in the Complaint establish all elements necessary to sustain an action by the Commission pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and this Order will have collateral estoppel effect for such purposes.

D. Settling Defendant acknowledges that his Taxpayer Identification Numbers (Social Security Numbers or Employer Identification Numbers), which Settling Defendant previously submitted to the Commission, may be used for collecting and reporting on any delinquent amount arising out of this Order, in accordance with 31 U.S.C. § 7701.

E. All money paid to the Commission pursuant to this Order may be deposited into a fund administered by the Commission or its designee to be used for equitable relief, including consumer redress and any attendant expenses for the administration of any redress fund. If a representative of the Commission decides

1 that direct redress to consumers is wholly or partially impracticable or money
2 remains after redress is completed, the Commission may apply any remaining
3 money for such other equitable relief (including consumer information remedies)
4 as it determines to be reasonably related to Defendants' practices alleged in the
5 Complaint.  Any money not used for such equitable relief is to be deposited to the
6 U.S. Treasury as disgorgement.  Settling Defendant has no right to challenge any
7 actions the Commission or its representatives may take pursuant to this Subsection.
8 F.     Within 14 days of receipt of a written request from a representative of the
9 Commission, Settling Defendant must take all necessary steps (such as filing a
10 completed IRS Form 4506 or 8821) to cause the Internal Revenue Service or other
11 tax authority to provide information to the Commission.  The Commission may
12 request any information, including amended tax returns and any other filings
13 related to compliance with this provision, that Defendant has the authority to
14 release.

## VI. MODIFICATION OF ASSET FREEZE

IT IS FURTHER ORDERED that the Preliminary Injunction's freeze of Settling Defendant's assets shall remain in effect until the assets have been transferred in accordance with Subsections IV.B and IV.C.  Provided, however, that the asset freeze may be lifted as to Settling Defendant to the extent necessary to comply with the transfer and turnover requirements of Subsection IV.C.  Upon completion of the transfer and turnover requirements of Section IV, the asset freeze is dissolved.

## VII. CUSTOMER INFORMATION

IT IS FURTHER ORDERED that Settling Defendant, Settling Defendant's officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly are permanently restrained and enjoined from directly or indirectly:

A.     Failing to provide sufficient customer information to enable the Commission to efficiently administer consumer redress.  If a representative of the Commission requests in writing any information related to redress, Settling Defendant must provide it, in the form prescribed by the Commission, within 14 days.

B.     Disclosing, using, or benefitting from customer information, including the name, address, telephone number, email address, social security number, other identifying information, or any data that enables access to a customer's account (including a credit card, bank account, telephone company account, or other financial account), that any Defendant obtained prior to entry of this Order in connection with the placement of charges on consumers' phone bills; and

C.     Failing to destroy such customer information in all forms in their possession, custody, or control within 30 days after receipt of written direction to do so from a representative of the Commission.

*Provided, however*, that customer information need not be disposed of, and may be disclosed, to the extent requested by a government agency or required by law, regulation, or court order.

## VIII.   COOPERATION

IT IS FURTHER ORDERED that Settling Defendant must fully cooperate with representatives of the Commission in this case and in any investigation related to or associated with the transactions or the occurrences that are the subject of the Complaint.  Settling Defendant must provide truthful and complete information, evidence, and testimony.  Settling Defendant must appear for interviews, discovery, hearings, trials, and any other proceedings that a Commission representative may reasonably request upon 5 days written notice, or other reasonable notice, at such places and times as a Commission representative may designate, without the service of a subpoena.

## IX.   ORDER ACKNOWLEDGMENTS

IT IS FURTHER ORDERED that Settling Defendant obtain

acknowledgments of receipt of this Order as follows:

A. Settling Defendant, within 7 days of entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

B. For 5 years after entry of this Order, Settling Defendant, for any business that such Defendant, individually or collectively with any other Defendants, is the majority owner or controls directly or indirectly, must deliver a copy of this Order to: (1) all principals, officers, directors, and LLC managers and members; (2) all employees, agents, and representatives who participate in billing charges to consumers; and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting. Delivery must occur within 7 days of entry of this Order for current personnel. For all others, delivery must occur before they assume their responsibilities.

C. From each individual or entity to which Settling Defendant delivered a copy of this Order, Settling Defendant must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

## X. COMPLIANCE REPORTING

IT IS FURTHER ORDERED that Settling Defendant make timely submissions to the Commission:

A. One year after entry of this Order, Settling Defendant must submit a compliance report, sworn under penalty of perjury:

    1. Settling Defendant must: (a) identify the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of the Commission may use to communicate with Settling Defendant; (b) identify all of that Settling Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses; (c) describe the activities of each business, including the goods and services offered, the means of advertising, marketing, and sales, and the

involvement of any other Defendant (which Settling Defendant must describe if he knows or should know due to his own involvement); (d) describe in detail whether and how Settling Defendant is in compliance with each Section of this Order; and (e) provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the Commission.

2. Additionally, Settling Defendant must: (a) identify all telephone numbers and all physical, postal, email and Internet addresses, including all residences; (b) identify all business activities, including any business for which he performs services whether as an employee or otherwise and any entity in which he has any ownership interest; and (c) describe in detail his involvement in each such business, including title, role, responsibilities, participation, authority, control, and any ownership.

B. For 15 years after entry of this Order, Settling Defendant must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following:

1. Settling Defendant must report any change in: (a) any designated point of contact; or (b) the structure of any entity that Settling Defendant has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

2. Additionally, Settling Defendant must report any change in: (a) name, including aliases or fictitious name, or residence address; or (b) title or role in any business activity, including any business for which he performs services whether as an employee or otherwise and any entity in which he has any ownership interest, and identify the name, physical address, and any Internet address of the business or entity.

C. Settling Defendant must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against such Defendant within 14 days of its filing.

D. Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on: _____" and supplying the date, signatory's full name, title (if applicable), and signature.

E. Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to: Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC 20580. The subject line must begin: *FTC v. Tatto, Inc., et al.*

## XI. RECORDKEEPING

IT IS FURTHER ORDERED that Settling Defendant must create certain records for 15 years after entry of the Order, and retain each such record for 5 years. Specifically, each Settling Defendant for any business that Settling Defendant, individually or collectively with any other Defendants, is the majority owner or controls directly or indirectly, must create and retain the following records:

A. Accounting records showing the revenues from all goods or services sold;

B. Personnel records showing, for each person providing services, whether as an employee or otherwise, that person's: name; addresses; telephone numbers; job title or position; dates of service; and (if applicable) the reason for termination;

C. Records of all consumer complaints and refund requests, whether received directly or indirectly, such as through a third party, and any response;

D.  All records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Commission; and

E.  All records of any consumer's authorization to be billed or charged for any of Defendants' goods or services.

## XII.  COMPLIANCE MONITORING

IT IS FURTHER ORDERED that, for the purpose of monitoring Settling Defendant's compliance with this Order, including the financial representations upon which part of the judgment was suspended and any failure to transfer any assets as required by this Order:

A.  Within 14 days of receipt of a written request from a representative of the Commission, Settling Defendant must: submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying. The Commission is also authorized to obtain discovery without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

B.  For matters concerning this Order, the Commission is authorized to communicate directly with Settling Defendant. Settling Defendants must permit representatives of the Commission to interview any employee or other person affiliated with any Defendant who has agreed to such an interview. The person interviewed may have counsel present.

C.  The Commission may use all other lawful means, including posing, through its representatives as consumers, suppliers, or other individuals or entities, to Settling Defendant or any individual or entity affiliated with Settling Defendant, without the necessity of identification or prior notice. Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

## XIII.  RETENTION OF JURISDICTION

IT IS FURTHER ORDERED that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

**SO ORDERED .**

**DATED:  8/5/15**

*[signature: Dale S. Fischer]*

_____

DALE S. FISCHER

UNITED STATES DISTRICT JUDGE