# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **FEDERAL TRADE COMMISSION**, <br><br> Plaintiff, <br><br> vs. <br><br> **TATTO, INC.,** *et al.*, <br><br> Defendants. | Case No. 2:13-cv-08912-DSF-FFM <br><br> **ORDER ALLOWING LIMITED RELEASE OF FROZEN FUNDS FOR PAYMENT OF CLASS ACTION SETTLEMENT** |

Before the Court is the motion of non-party Sarah Johnson, the representative plaintiff in the class action entitled *Johnson v. Wozo, LLC, et al.*, Case No. 11-cv-10245-DJC (D. Mass.) (the "Massachusetts Class Action"), for an order allowing limited release of frozen funds, in the amount of $250,000, for payment of a class-wide settlement. Ms. Johnson's motion is not opposed by the Defendants in this action, the Defendants in the Massachusetts Class Action, the Federal Trade Commission (the "FTC"), or Thomas W. McNamara, the receiver previously appointed by this Court (the "Receiver").

## **FINDINGS OF FACT**

This Court, having considered Ms. Johnson's motion and all supporting documents, as well as the relevant filings in the Massachusetts Class Action, finds that:

1. The Massachusetts Class Action was filed on February 14, 2011 in the United States District Court for the District of Massachusetts.

2. Prior to the filing of the above-entitled action by the FTC, and pursuant to a settlement reached by the parties to the Massachusetts Class Action, which was preliminarily approved by the District of Massachusetts, the defendants to the Massachusetts Class Action caused the sum of $250,000 to be deposited in escrow and held by counsel for the defendants in that action, the law firm of Funkhouser Vegosen Liebman & Dunn Ltd. (the "Escrowee"), for purposes of funding the relief to the class members (the "Escrow Funds").

3. There is good cause to believe the Escrow Funds may be part of the receivership in the above-entitled case and subject to the asset freeze.

4. There is good cause to believe that Ms. Johnson and the consumer class members in the Massachusetts Class Action are entitled to relief provided by the settlement of that case, including payment through the

1  segregated Escrow Funds.

2      5.    The District of Massachusetts is a court of competent jurisdiction capable of approving and administering the settlement in the Massachusetts Class Action without further oversight from this Court.

## ORDER

Good cause appearing, **IT IS HEREBY ORDERED** that the motion is **GRANTED**.

**IT IS HEREBY FURTHER ORDERED** that, following entry of this Order, the Escrowee shall be authorized to release the Escrow Funds in the amount of $250,000, in the manner set forth in the Amended Settlement Agreement reached among the parties to the Massachusetts Class Action, **PROVIDED THAT**:

a) Within ten (10) days of the date of this Order, Ms. Johnson shall file a copy of this Order in the Massachusetts Class Action;

b) Distribution of the Escrow Funds shall be subject to further oversight and approval by the District of Massachusetts within the Massachusetts Class Action;

c) Any Escrow Funds remaining after complete resolution of the Massachusetts Class Action will be returned to the Receiver by the person or entity then authorized to hold such Escrow Funds under the terms of the Amended Settlement Agreement;

d) If settlement of the Massachusetts Class Action is not given final approval by the District of Massachusetts, the Escrow Funds shall be returned to the Receiver by the person or entity then authorized to hold such Escrow Funds under the terms of the Amended Settlement Agreement, and shall remain frozen absent further order of this Court; and

//

//

1  e) The FTC and the Receiver reserve their rights to oppose the
2  Attorneys' Fee Award request in the District of Massachusetts, and Ms.
3  Johnson and her counsel have agreed not to oppose any motion they
4  should file in that Court for purposes of intervening to oppose the Attorneys'
5  Fee Award.

**IT IS SO ORDERED.**

Dated: 1/5/15

*Dale S. Fischer*

The Hon. Dale S. Fischer
UNITED STATES DISTRICT JUDGE

Case No. 2:13-cv-08912-DSF-FFM         3         **[PROP] ORDER GRANTING LIMITED RELEASE OF FUNDS**