NOTE: CHANGES MADE BY THE COURT

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>TATTO, INC., et al.,<br><br>　　　　　Defendants. | CASE NO. LACV13-8912 DSF (FFMx)<br>**DISCOVERY MATTER**<br>[~~PROPOSED~~] **PROTECTIVE ORDER** |

Pursuant to the parties Joint Stipulation for Protective Order, **the Court hereby orders as follows**:

**GOOD CAUSE STATEMENT**

The Court may enter a protective order upon a showing of good cause. *Phillips ex rel. Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see also Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003). Here, there is good cause for the entry of the Protective Order as follows:

Thomas W. McNamara, as the Court-Appointed Receiver and Liquidator (the "Receiver"), recently served subpoenas to produce documents on third parties Bloc DT 1, LLC ("Bloc DT"), Bloc Priya Avatar I, LLC ("Bloc Priya") and Jon Bloomberg ("Bloomberg") and a subpoena to testify at a deposition on Bloomberg.

The subpoenas were served in connection with the Receiver's effort to identify and collect assets.

In response to the subpoenas, Bloc DT, Bloc Priya and Bloomberg anticipate producing certain information and documents that are subject to privacy, privilege, and confidentiality protections. In particular, documents responsive to the subpoenas include confidential, third-party financial information, including information belonging to the subpoenaed entities and the investors in the entities. Such information should not be disclosed to the public as disclosure would be harmful to Bloc DT, Bloc Priya, their members, and/or Bloomberg.

The purpose of this Protective Order thus is to provide a means for limiting access to and use and disclosure of such confidential information or documents that are produced in this action. Any unauthorized disclosure of confidential information or documents in violation of the Order is subject to discipline by the contempt powers of this Court.

It is the intent of the parties and the Court that information will not be designated as confidential for tactical reasons in this case and that nothing shall be designated without a good faith belief that there is good cause why it should not be part of the public record of this case. Examples of confidential information that the parties may seek to protect from unrestricted or unprotected disclosure include:

1.  Information or documents that are subject of a non-disclosure or confidentiality agreement or obligation;

2.  Information or documents related to internal financial/accounting information, including non-public information related to financial condition or performance and income or other non-public tax information;

3.  The names, or other information tending to reveal the identity of investors;

4.  Information related to internal operations; and

5. Information related to past, current, and future market analyses and business and marketing development, including plans, strategies, forecasts, and competition.

Unrestricted or unprotected disclosure of such confidential information would result in prejudice or harm to the producing party by revealing the producing party's confidential information, which has been developed at the expense of the producing party and which represents valuable tangible and intangible assets of that party. Additionally, privacy interests must be safeguarded. Accordingly, the parties respectfully submit that there is good cause for the entry of this Proposed Protective Order.

NOW, THEREFORE, the following terms and conditions shall apply to this civil action:

1. <u>Purpose and Limits of This Order</u>.

1.1 Discovery in this action is likely to involve confidential, proprietary, private, or privileged information requiring special protection from public disclosure and from use for any purpose other than this litigation. Thus the Court enters this Protective Order. This Protective Order does not confer blanket protections on all disclosures or responses to discovery, and the protection it gives from public disclosure and use extends only to the specific material entitled to confidential treatment under the applicable legal principles. This Protective Order does not automatically authorize the filing under seal of material designated under this Protective Order. Instead, the parties must comply with L.R. 79-5.1 if they seek to file anything under seal. This Protective Order does not govern the use at trial of material designated under this Protective Order.

2. <u>Designated Material.</u>

2.1 Information or material may be designated for confidential treatment pursuant to this Protective Order by any party, person or entity producing or lodging it in this action (the "Designating Party"), if: (a) produced or served,

formally or informally, pursuant to the Federal Rules of Civil Procedure or in response to any other formal or informal discovery request in this action; and/or (b) filed or lodged with the Court. All such information and material and all information or material derived from it constitutes "Designated Material" under this Protective Order.

   2.2 Unless and until otherwise ordered by the Court or agreed to in writing by the parties, all Designated Materials designated under this Protective Order shall be used by the parties and persons receiving such Designated Materials solely for conducting the above-captioned litigation, and/or any litigation brought by the Receiver in relation to the above-captioned litigation, and/or any appellate proceeding relating thereto. Designated Material shall not be used by any party or person receiving them for any business or any other purpose. No party or person shall disclose Designated Material to any other party or person not entitled to receive such Designated Material under the specific terms of this Protective Order. For purposes of this Protective Order, "disclose" or "disclosed" means to show, furnish, reveal or provide, indirectly or directly, any portion of the Designated Material or its contents, orally or in writing, including the original or any copy of the Designated Material.

   3. <u>Access to Designated Materials</u>.

   3.1 Materials Designated "CONFIDENTIAL": Subject to the limitations set forth in this Protective Order, Designated Material may be marked "CONFIDENTIAL" for the purpose of preventing the disclosure of information or materials that the designating party in good faith believes is confidential. Before designating any specific information or material "CONFIDENTIAL," the Designating Party's counsel shall make a good faith determination that the information warrants protection under Rule 26(c) of the Federal Rules of Civil Procedure. Such information may include, but is not limited to:

(a) The financial performance or results of the Designating Party, including without limitation income statements, balance sheets, cash flow analyses, budget projections, present value calculations, and valuation reports;

(b) Information used by the Designating Party in or pertaining to its trade or business, which information the Designating Party believes in good faith has competitive value, which is not generally known to others and which the Designating Party would not normally reveal to third parties except in confidence, or has undertaken with others to maintain in confidence;

(c) Information which the Designating Party believes in good faith falls within the right to privacy guaranteed by the laws of the United States or California; and

(d) Information which the Designating Party believes in good faith to constitute, contain, reveal or reflect proprietary, financial, business, technical, or other confidential information.

(e) The fact that an item or category is listed as an example in this or other sections of this Protective Order does not, by itself, render the item or category discoverable.

3.2 Materials designated "CONFIDENTIAL" may be disclosed only to the following Designees:

(a) Persons who appear on the face of Designated Materials marked "CONFIDENTIAL" as an author, addressee, or recipient thereof.

(b) Counsel retained as outside litigation attorneys of record in this action, and their respective of-counsel, associates, clerks, legal assistants, stenographic, videographic and support personnel, and other employees of such outside litigation attorneys, and organizations retained by such attorneys to provide litigation support services in this action and the employees of said organizations. "Counsel" explicitly excludes any in-house counsel whether or not they are attorneys of record in this action.

(c) Consultants, including non-party experts and consultants retained or employed by Counsel to assist in the preparation of the case, to the extent they are reasonably necessary to render professional services in this action, and subject to the disclosure requirements of section 3.3. Each consultant must sign a certification that he or she has read this Protective Order, will abide by its provisions, and will submit to the jurisdiction of this Court regarding the enforcement of this Protective Order's provisions.

(d) A party's officers, members and/or employees, which may include in-house counsel.

(e) The Court, its clerks and secretaries, and any court reporter retained to record proceedings before the Court.

(f) Deponents in the above-captioned litigation, and/or any litigation brought by the Receiver in relation to the above-captioned litigation.

(g) A non-party pursuant to subpoena, court order, applicable statute, or Federal Trade Commission rule (see, e.g., 15 U.S.C. §§ 57b-2, 46(f), and 46(k) and 16 C.F.R. § 4.10-4.11).

3.3 If any party wishes to disclose information or materials designated under this Protective Order as "CONFIDENTIAL" to any Consultant, it must first identify that individual to the Counsel for the Designating Party and submit a Certification of Consultant pursuant to section 4.

3.4 Legal Effect of Designation. The designation of any information or materials as "CONFIDENTIAL" is intended solely to facilitate the conduct of this litigation. Neither such designation nor treatment in conformity with such designation shall be construed in any way as an admission or agreement by any party that the Designated Materials constitute or contain any confidential information. Except as provided in this Protective Order, no party to this action shall be obligated to challenge the propriety of any designation and a failure to do so shall not preclude a subsequent attack on the propriety of such designation.

3.5   Nothing herein in any way restricts the ability of the receiving party to use "CONFIDENTIAL" material produced to it in examining or cross-examining any employee, consultant, or designee of the Designating Party. Similarly, the parties may use documents designated "CONFIDENTIAL" to serve discovery, depose, or subpoena parties (or past or present employees of those parties) who would have seen those documents in the ordinary course of business.

4.   <u>Certificates Concerning Designated Materials</u>.   Each Consultant as defined in section 3.2(c), to whom any Designated Materials will be disclosed shall, prior to disclosure of such material, execute the Acknowledgement of Protective Order in the form attached hereto as Exhibit A. Counsel who make any disclosure of Designated Materials shall retain each executed Acknowledgement of Protective Order and shall circulate copies to all Counsel for the opposing party concurrently with the identification of the Consultant to the attorneys for the Designating Party pursuant to section 3.3.

5.   <u>Use of Designated Materials by Designating Party</u>.   Nothing in this Protective Order shall limit a Designating Party's use of its own information or materials, or prevent a Designating Party from disclosing its own information or materials to any person. Such disclosure shall not affect any designations made pursuant to the terms of this Protective Order, so long as the disclosure is made in a manner that is reasonably calculated to maintain the confidentiality of the information.

6.   <u>Manner of Designating Written Materials</u>.   Documents, discovery responses and other written materials shall be designated as "CONFIDENTIAL" whether in whole or in part, as follows:

6.1   The producing party shall designate materials by placing the legend "CONFIDENTIAL" on each page so designated prior to production. If the first or cover page of a multi-page document bears the legend "CONFIDENTIAL," the entire document shall be deemed so designated and the absence of marking

each page shall not constitute a waiver of the terms of this Protective Order. If the label is affixed to a computer disk containing multiple files bears the legend "CONFIDENTIAL" the entire disk shall be deemed so protected and the absence of marking each file shall not constitute a waiver of the terms of this Protective Order.

6.2  A designation of "CONFIDENTIAL" as to any item, thing, or object that cannot otherwise be categorized as a document, shall be made: (1) by placing the legend "CONFIDENTIAL" on the thing, object, or container within which it is stored; or (2) by specifically identifying, in writing, the item and the level of confidentiality designation, where such labeling is not feasible.

6.3  When a party wishes to designate as "CONFIDENTIAL" materials produced by someone other than the Designating Party (a "Producing Party"), such designation shall be made:

(a)  Within fifteen (15) business days from the date that the Designating Party receives copies of the materials from the producing or disclosing entity; and

(b)  By notice to all parties to this action and to the Producing Party, if such party is not a party to this action, identifying the materials to be designated with particularity (either by production numbers or by providing other adequate identification of the specific material). Such notice shall be sent by facsimile and regular mail.

(c)  A party shall be permitted to designate as "CONFIDENTIAL" material produced by a Producing Party only where:

(i)  The material being produced was provided to or developed by such Producing Party: (a) under a written confidentiality agreement with the Designating Party; or (b) within a relationship with the Designating Party (or a party operating under the control thereof) in which confidentiality is imposed

by law (including, but not limited, to the employment relationship and vendor-customer relationship); and

    (ii) The material being produced would be considered confidential material of the Designating Party under section 3.1 of this Protective Order if it were in the possession of the Designating Party.

  6.4 Upon notice of designation, all persons receiving notice of the requested designation of materials shall:

   (a) Make no further disclosure of such Designated Material or information contained therein, except as allowed in this Protective Order;

   (b) Take reasonable steps to notify any persons known to have possession of or access to such Designated Materials of the effect of such designation under this Protective Order; and

   (c) If "CONFIDENTIAL" or material or information contained therein is disclosed to any person other than those entitled to disclosure in the manner authorized by this Protective Order, the party responsible for the disclosure shall, immediately upon learning of such disclosure, inform the Designating Party in writing of all pertinent facts relating to such disclosure, and shall make every effort to prevent further disclosure by the unauthorized person(s).

  7. <u>Manner of Designating Deposition Testimony</u>.

  7.1 Deposition transcripts and portions thereof taken in this action may be designated as "CONFIDENTIAL" during the deposition or after, in which case the portion of the transcript containing Designated Material shall be identified in the transcript by the court reporter as "CONFIDENTIAL." The designated testimony shall be bound in a separate volume and marked by the court reporter accordingly.

/ / /

/ / /

/ / /

   7.2 Where testimony is designated during the deposition, the Designating Party shall have the right to exclude, at those portions of the deposition, all persons not authorized by the terms of this Protective Order to receive such Designated Material.

   7.3 Within thirty (30) days after a deposition transcript is certified by the court reporter, any party may designate pages of the transcript and/or its exhibits as Designated Material. During such thirty (30) day period, the transcript in its entirety shall be treated as "CONFIDENTIAL." If any party so designates such material, the parties shall provide written notice of such designation to all parties within the thirty (30) day period. Designated Material within the deposition transcript or the exhibits thereto may be identified in writing by page and line, or by underlining and marking such portions "CONFIDENTIAL" and providing such marked-up portions to all counsel.

  8. <u>Copies</u>. All complete or partial copies of a document that disclose Designated Materials shall be subject to the terms of this Protective Order.

  9. <u>Filing Designated Materials with the Court</u>. Nothing in this Order shall vary the requirements for filing under seal imposed by the Federal Rules of Civil Procedure or the Local Rules of this Court. If a party wishes to file with the Court any document, transcript, or thing containing information which has been designated "CONFIDENTIAL" the Party shall designate the material as set forth herein and file it with the Court in an application for filing under seal under the Local Rules of the Court, with the material bearing the legend: "CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER." The Application for Filing under Seal must show good cause for the under seal filing. Filing the document under seal shall not bar any party from unrestricted use or dissemination of those portions of the document that do not contain material designated "CONFIDENTIAL." If a filing party fails to designate information as "CONFIDENTIAL," any party who in good faith believes that designation and

filing under seal is required by this Protective Order may move the Court to file said information under seal within five (5) days of learning of the defective filing. Notice of such designation shall be given to all parties. Nothing in this provision relieves a party of liability for damages caused by failure to properly file Designated Material under seal.

10. <u>Objections</u>. A party may challenge any designation under this Protective Order at any time, on the grounds that the information or material does not meet the standards of sections 2 and 3, by following Local Rule 37. The parties shall meet and confer in good faith prior to the filing of any motion under this section.

11. <u>Client Communication</u>. Nothing in this Protective Order shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course of rendering such advice, relying upon the examination of Designated Material. In rendering such advice and otherwise communicating with the client, however, counsel shall not disclose any Designated Material, except as otherwise permitted by this Protective Order.

12. <u>No Prejudice</u>. This Protective Order shall not diminish any existing obligation or right with respect to Designated Material, nor shall it prevent a disclosure to which the Designating Party consented in writing before the disclosure takes place.

12.1 Unless the parties stipulate otherwise, evidence of the existence or nonexistence of a designation under this Protective Order shall not be admissible for any purpose during any proceeding on the merits of this action.

12.2 If any party required to produce documents contends that it inadvertently produced any Designated Material without marking it with the appropriate legend or inadvertently produced any Designated Material with an incorrect legend, the producing party may give written notice to the receiving party or parties, including appropriately stamped substitute copies of the Designated

Material. If the parties collectively agree to replacement of the Designated Material, then the documents will be so designated. Within five (5) business days of receipt of the substitute copies, the receiving party shall return the previously unmarked or mismarked items and all copies thereof. If the parties do not collectively agree to replacement of the Designated Material, the producing party shall comply with the procedure of Local Rule 37 in seeking protection for the inadvertently produced material.

      12.3   Neither the provisions of this Protective Order nor the filing of any material under seal shall prevent the use in open court, deposition, hearing, or trial of this case of any material that is subject to this Protective Order. All confidentiality designations or legends placed pursuant to this Protective Order shall be removed from any document or thing used as a trial exhibit in this case. The removal of such confidentiality designations or legends under the preceding sentence shall not affect the treatment of such documents and things as Designated Material under this Protective Order. Upon request of a party, the parties shall meet and confer concerning the use and protection of Designated Material in open court at any hearing. Prior to the pretrial conference, the parties shall meet and confer concerning appropriate methods for dealing with Designated Material at trial.

      12.4   Any inadvertent production of documents containing privileged information shall not be deemed to be a waiver of the attorney-client privilege, work product doctrine, or any other applicable privilege or doctrines. All parties specifically reserve the right to demand the return of any privileged documents that it may produce inadvertently during discovery if the producing party determines that such documents contain privileged information. After receiving notice of such inadvertent production by the producing party, the receiving party agrees to make reasonable and good faith efforts to locate and return to the producing party all such inadvertently produced documents.

13. <u>Modification and Survival</u>.

13.1 The parties reserve the right to seek modification of this Protective Order at any time for good cause. The parties agree to meet and confer prior to seeking to modify this Protective Order for any reason. The restrictions imposed by this Protective Order may only be modified or terminated by written stipulation of all parties **and approved by the Court** or by order of this Court. Parties entering into this Protective Order will not be deemed to have waived any of their rights to seek later amendment of this Protective Order. **(FFM)**

13.2 This Protective Order shall survive termination of this action. Upon final termination of the action and at the written request of the Designating Party, all Designated Material, including deposition testimony and all copies thereof, shall be returned to counsel for the Designating Party (at the expense of the Designating Party) or (at the option and expense of the requesting party) shall be destroyed. Upon request for the return or destruction of the Designated Materials, counsel shall certify their compliance with this provision and shall serve such certification to counsel for the Designating Party not more than ninety (90) days after the written request to return or destroy Designated Materials. Counsel who have submitted one or more certificates prepared pursuant to section 4 do not need to retain such certificates past the ninety (90) day period.

14. <u>No Contract</u>. This Protective Order shall not be construed to create a contract between the parties or between the parties and their respective counsel.

15. <u>Court's Retention of Jurisdiction</u>. After termination of the action, the Court retains jurisdiction to enforce this Protective Order.

/ / /

/ / /

/ / /

/ / /

/ / /

16. <u>Exception for Public Information</u>. Nothing in this Protective Order shall be deemed in any way to restrict the use of documents or information which are lawfully obtained or publicly available to a party independently of discovery in this action, whether or not the same material has been obtained during the course of discovery in this action and whether or not such documents or information have been designated hereunder. However, in the event of a dispute regarding such independent acquisition, a party wishing to use any independently acquired documents or information shall bear the burden of proving independent acquisition.

17. Any material designated "CONFIDENTIAL" by a party will be deemed by the Designating Party to be authentic and a business record of the Designating Party. To the extent that such material is not a business record of the Designating Party and was not created by the Designating Party, the non-producing party for which the material is a business record shall have an opportunity to challenge the authenticity of the material so designated.

18. If a party to whom "CONFIDENTIAL" material has been produced is subpoenaed or ordered by another court or administrative agency to produce information that is subject to this protective order, such party shall notify promptly the party who produced the material of the pending subpoena or order. It is the producing party's responsibility to take whatever action it deems appropriate to challenge the subpoena or order in the issuing court or agency. The party subject to the subpoena or order shall not produce "CONFIDENTIAL" materials in

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

advance of the date required by the subpoena or order.  Nothing herein shall be construed as reliving anyone subject to this order from any obligation to comply with a validly issued subpoena or order.

**IT IS SO ORDERED.**

Dated:  January 14, 2015

                           /S/ FREDERICK F. MUMM
                          Magistrate Judge Frederick F. Mumm
                          United States Magistrate Judge

# EXHIBIT A

## ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full company name and address], declare under penalty of perjury that I have read in its entirety and understand this Protective Order that was issued by the United States District Court for the Central District of California on _____ [date] in the case of Federal Trade Commission v. Tatto, Inc., *et al.*, Case No. 2:13-cv-08912 DSF (FFMx). I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Protective Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed Name: _____

Signature: _____